In the Matter of STANLEY B. SPECTOR (Admitted as STANLEY BERTRAM SPECTOR), an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, July 28, 1977

*Irving Gertel* of counsel *(James D. Porter, Jr.,* attorney), for petitioner.

No appearance by respondent.

*Per Curiam.* Respondent was admitted to the New York Bar in 1960. He is charged in four specifications with professional misconduct, as follows:

(1) Respondent was retained by Mr. Larry Markowitz to represent him in a claim against the City of New York for false arrest and malicious prosecution and in a claim against one Perlmutter arising out of a breach of contract with Mr. Markowitz, and failed to prosecute either of the said claims, and failed to keep his client advised relative to inquiries concerning these matters.

(2) Respondent was retained by Mr. Leonard Drescher on or about May, 1967 and was paid a retainer fee in the sum of $250 to represent Drescher in his claim for damages against the *New York Post,* for breach of contract, and failed to keep his client advised and to answer inquiries concerning same.

(3) Respondent failed to co-operate with counsel for petitioner's Committee on Grievances in his investigation of the matters referred to in Charge (1).

(4) Respondent failed to co-operate with counsel for petitioner's Committee on Grievances in his investigation of the matter referred to in Charge (2).

Testimony received in the course of the proceeding before the Referee established that respondent was a partner in a law firm with another lawyer. This firm was retained by Messrs. Drescher and Markowitz to represent each of them in his respective action. Factors related to the internal administration of the affairs of the law firm led to the exclusive handling of the matters of Messrs. Drescher and Markowitz by

respondent up until the time of the dissolution of the firm. Thereafter, the files relative to these matters, having been denominated as those being handled by respondent, were removed from the law firm offices by respondent and remained exclusively in his possession. Both during the period of respondent's association as a partner in the law firm and subsequent to the dissolution of that firm, respondent took no action whatever to prosecute the claims of Messrs. Drescher and Markowitz. Additionally, respondent completely failed and neglected to co-operate with counsel for petitioner's Committee on Grievances in his investigation of these matters.

Respondent's failure to appear and defend the charges presented against him constitutes an admission of such charges (*Matter of Cihak,* 49 AD2d 412).

Absent the appearance and testimony of respondent relative to these charges, his motivation in neglecting these matters cannot be ascertained. Neither can light be shed upon his refusal to co-operate with counsel for petitioner's Committee on Grievances. What does, however, appear with clarity is that respondent's conduct constituted a total nonfeasance of his duties and responsibilities to his clients. His abandonment of his clients and their cases cannot be condoned.

The inability of respondent's respective clients to communicate with him has been exacerbated by respondent's having removed himself from the State and his refusal to communicate either with his clients or counsel for petitioner.

It therefore appears patent that respondent has been totally derelict in his professional duties and responsibilities to his clients and disciplinary authorities of this State. The imposition of discipline upon respondent must ensue in order to impress upon respondent the severity of his derelictions.

On the state of the record, respondent's entire course of conduct demonstrates his indifference to the consequences of an adverse determination. Respondent's conduct further demonstrates that he is no longer qualified to remain a member of the legal profession. (See *Matter of Higgins,* 27 AD2d 340; *Matter of Bennett,* 16 AD2d 129; *Matter of Schner,* 5 AD2d 599.)

Accordingly, the report of the Referee is confirmed and respondent disbarred.

BIRNS, J. P., SILVERMAN, EVANS and CAPOZZOLI, JJ., concur.

Respondent's name struck from the roll of attorneys and

counselors at law in the State of New York, effective August 29, 1977.