In the Matter of ROBERT FLORSHEIM, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, August 10, 1978

## APPEARANCES OF COUNSEL

*James D. Porter, Jr.,* of counsel *(Eileen Courtney* with him on the brief), for petitioner.

*Irving Perl* for respondent.

## OPINION OF THE COURT

*Per Curiam.*

Petitioner, the Association of the Bar of the City of New York, has preferred four charges against respondent. Charges I and II relate to neglect of a retainer in a personal injury case. Retained in connection with an accident, he never instituted suit so that the case was outlawed by statutory limitation. To compound the neglect, he deceived the client by falsely stating, even after time had run out, that he was proceeding to move the case along. Failure to file the required retainer statement is a separate charge. Later information indicated that the case probably was without merit, but this was apparently not known to him when the course of neglect started, nor is it an excuse. The Referee correctly sustained the charge, which was admitted by respondent. The only mitigating circumstance was respondent's claim that, in moving his office, he lost the file and the case escaped his memory because of pressure of other matters.

Charge III relates to an estate wherein he had been retained by the executrix. Respondent failed to file timely the required returns, resulting in levies of penalties and interest. The matter was eventually taken over by another attorney, respondent personally assuming payment of the assessment amounting to upwards of $8,000, paid in installments, and foregoing any fee, which would have come to a similar amount. He had done some preliminary work on the estate but fell behind by reason of pressure of the requirements of his specialty, the trial of criminal cases. The Referee did not sustain this charge, also admitted by respondent, as not supported by substantial evidence. Though we do not agree, and disaffirm partially accordingly, we take note of the mulcting of respondent to the extent of about $8,000 and forfeiture of a similar sum, all in all a substantial penalty. This does not lessen the severity of the misconduct but is considered in mitigation, the charge being sustained.

Charge IV relates to retainer in another personal injury matter, in which respondent barely got to suit within the statutory limitation. The neglect and deception here was similar to Charges I and II, in which, as the Referee found, there was a mitigating factor in lack of co-operation by the client's doctor. The suit was taken over by another lawyer, and respondent relinquished his lien, co-operating fully with his successor. The Referee has sustained the charge, and we

agree. Respondent had a clear duty to press for the medical co-operation he required and, if he were not equipped to handle the case properly, so to advise his client and relinquish it to another.

Three Supreme Court Justices gave respondent excellent character references, praising his conduct as a former Assistant District Attorney and as a defense lawyer in handling many criminal cases with expertise and despatch. Our former deputy administrator for assigned counsel has corroborated this evidence. Further, the Referee commented favorably on respondent's candor. It is also taken into account that respondent is a comparatively young lawyer, with a dearth of experience in the logistics of proper allocation of time required by cases.

Thus, we have in this case repetition of a professional pattern which is all too common: the busy criminal trial lawyer, rushing from one engagement to another, and, as a single practitioner without staff, having no time to handle the necessary office detail inherent on the civil side. This is a difficult task at best, and a trap for the unwary and inexperienced who learn only by misadventures of the kind herein described. We are persuaded, in which we concur with the learned Referee, that the evidence of zealous devotion displayed in what appears to be his professional specialty, his prior good repute, his candor and co-operation, "commend [respondent] for consideration in mitigation of penalty." Hopefully, we believe that, having had this unhappy and chastening experience, he will never again be cast into a comparable difficulty. In the circumstances, we are of the opinion that a severe censure will suffice as a sanction.

Respondent should be severely censured.

LUPIANO, J. P., BIRNS, SILVERMAN, MARKEWICH and SULLIVAN, JJ., concur.

Respondent severely censured.