In the Matter of ROBERT FLORSHEIM, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 2, 1980

**APPEARANCES OF COUNESL**

*Nicholas C. Cooper* for petitioner.

## OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice in this department in June, 1964. He has maintained his office in this department since 1970. For some two years prior to his entry into private practice, he was an Assistant District Attorney in the office of the District Attorney of Bronx County. During all of this time he specialized in the practice of criminal law and his proficiency in that field is attested to by the excellence of his reputation both with the Bench and Bar.

Respondent's problems arose when he ventured into the field of civil law. In 1970 he was admonished by the Grievance Committee of the Association of the Bar of the City of New York for permitting the cause of a client to become barred by the Statute of Limitations. In 1978, based on complaints filed with the Association of the Bar, a hearing was held before a Referee appointed by this court. Three of the four charges then leveled against respondent were found by the Referee to have been sustained. This court differed with the Referee to the extent of finding the proof submitted to have established the fourth charge. It did, however, consider the finding of the Referee in mitigation in connection with that charge.

Accordingly, we held (63 AD2d 504, 506) "that the evidence of zealous devotion displayed in what appears to be his professional specialty, his prior good repute, his candor and cooperation 'commend [respondent] for consideration in mitigation of penalty.' Hopefully, we believe that, having had this unhappy and chastening experience, he will never again be cast into a comparable difficulty. In the circumstances, we are of the opinion that a severe censure will suffice as a sanction."

Apparently, the hope expressed by us failed of realization. Respondent is again faced with charges, all of which have been sustained by the Departmental Disciplinary Committee. In all instances the acts complained of commenced before our prior determination. In some, however, they continued after the rendition of that decision. When these charges were initially brought to our attention we suspended respondent from practice as an attorney and counselor at law in the State of New York and referred them for hearing to the Departmental Disciplinary Committee (70 AD2d 549). Their report is now before us.

Charge No. 1 relates to a retainer on March 27, 1977 under

which respondent undertook to file and process an application to the Department of Education for a license for a school for bank tellers. Although application for the license was never filed, respondent represented to his client that it had been and went so far as to inform the client's accountant that the delay was attributable to the agency and not to him. Thereafter, he failed to respond to the client's request for the return of his papers. The subject of charge No. 2 deals with the retention of respondent in 1973, through a New Jersey attorney, to bring suit against a New York bank for alleged false arrest. Respondent never instituted the suit. Nevertheless, in 1977 he represented to his client that the suit had been settled for the sum of $2,500 and forwarded to her his personal check for $1,480 representing her purported share of the settlement. When pressed by his client for a photocopy of the settlement check he refused to comply with the request. At the hearing he conceded that he did not do so because no such check existed and that the moneys paid the client came out of his personal funds.

Charges Nos. 3 and 4 deal with respondent's failure to cooperate with the Grievance Committee of the Association of the Bar in connection with investigations made by that committee into the subject matter of the claims made in charges Nos. 1 and 2.

The fifth and sixth charges deal with the failure of respondent to pursue a personal injury action in which he was retained as attorney, his failure to file a retainer statement in connection therewith and his failure to consent to a substitution of attorneys with the result that the client's action was ultimately time barred.

The seventh charge deals with respondent's retention in 1974 to pursue a claim against the City of New York. After serving the requisite notice of claim under section 50-e of the General Municipal Law and appearing with his client at the comptroller's office for the required examination, respondent instituted suit. However, he failed thereafter to proceed with the prosecution of the suit and failed to respond to his client's request for information.

The final charge alleges the failure of respondent to notify his clients and opposing counsel by registered or certified mail of his suspension from practice and failure to file an affidavit of compliance with the terms of the suspension order with the clerk of this court.

The Departmental Disciplinary Committee sustained all of the charges. We find that the proof amply supports those findings. Indeed, respondent does not dispute them. However, in mitigation, he presented to the disciplinary committee personal problems which enlist our deep personal sympathy. Nevertheless, we cannot overlook the fact that respondent has, on four occasions, violated DR 6-101 (A) (3) of the Code of Professional Responsibility by neglecting legal matters entrusted to him; on three occasions he violated DR 1-102 (A) (4) by engaging in conduct involving misrepresentation; on two occasions he failed to perform his duty to co-operate with the grievance committee in violation of section 603.4 of the rules of this court (22 NYCRR 603.4), and DR 1-102 (A) (5) and (6); of a failure to communicate with his client, in violation of DR 1-102 (A) (6); of failing to file a retainer statement as required by section 603.7 (subd [a], par [1]) of the rules of this court (22 NYCRR 603.7 [a] [1]); and of failing to comply with section 603.13 of the rules of this court (22 NYCRR 603.13) with reference to the conduct of suspended attorneys, in violation of DR 1-102 (A) (5). Nor can we overlook the fact that respondent was, on separate occasions, admonished and severely censured.

Accordingly, respondent is disbarred.

MURPHY, P. J., FEIN, SANDLER, LUPIANO and BLOOM, JJ., concur.

Respondent disbarred from practice as an attorney and counselor at law in the State of New York, effective November 3, 1980.