In the Matter of MYRON W. SISKIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 14, 1983

APPEARANCES OF COUNSEL

*Jeanne C. O'Rourke* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Myron W. Siskin,* respondent *pro se.*

OPINION OF THE COURT

*Per Curiam.*

The Departmental Disciplinary Committee applies for an order confirming the findings of fact and conclusions of law of a hearing panel and directing that respondent Myron W. Siskin be disciplined as justice might require.

Respondent Siskin was admitted to practice as an attorney and counselor at law in the Second Department on October 16, 1957. He has maintained an office for the practice of law in the First Department. On or about June 10, 1982, the respondent was served by the committee with a set of seven charges. After hearings were held, a hearing panel found him not guilty of charges one, five and seven. The hearing panel did find him guilty of misconduct under charge three and varying portions of the remaining charges.

Under charge two, the respondent was found guilty of neglecting the *Estate of Isidore Guberman* (Code of Professional Responsibility, DR 6-101 [A] [3]) and in engaging in conduct which reflects adversely on his fitness to practice law (DR 1-102 [A] [6]). The respondent was retained by Ruth Guberman to handle the estate of her husband in August of 1965. The respondent was replaced as attorney for the estate in 1976 after he had failed to (1) obtain the appointment of a guardian for the infant distributees, (2) distribute the estate's assets, (3) file an estate fiduciary or income tax return, and (4) render an accounting or otherwise to take appropriate steps to wind up and close the estate. He also lost certain stock certificates that were never replaced. On or about May 14, 1981, Ruth Guberman obtained a default judgment in the sum of $73,344.24 against the respondent. The respondent has failed to pay that judgment.

With regard to charge three, the respondent was found guilty of neglecting the following legal matters (DR 6-101

[A] [3]): (i) the personal injury action of Alex Fletcher; (ii) the personal injury action of Mary Mikulewicz; (iii) the personal injury and property damage action of Charles Nuskind. Respondent served a summons and complaint in the *Fletcher* action in August of 1973. At the time of his removal in 1982, respondent had not prosecuted the *Fletcher* action. The respondent was retained in the *Mikulewicz* action in 1971. In 1981 and 1982, that action was dismissed as to its respective defendants for his failure to prosecute. Respondent never advised Mary Mikulewicz of the dismissal of her action. Respondent served a summons and complaint in the *Nuskind* action in April of 1966. In July of 1975, his motion to transfer the *Nuskind* action from Supreme to Civil Court was deemed abandoned. Subsequent to 1975, respondent did not prosecute the *Nuskind* case.

Respondent was found guilty under charge four of engaging in conduct which reflected adversely on his fitness to practice law (DR 1-102 [A] [6]) by failing to comply with subpoenas issued during the course of supplemental proceedings, and by reason of his contempt of those subpoenas. The hearing panel found that the respondent was not guilty of fraud and dishonesty in failing to satisfy a judgment in the amount of $15,048 in favor of a lender, Publications Expediting Inc. It sustained guilt under this charge because respondent was held in contempt of court for ignoring the subpoenas. For that misconduct, he was fined $9,250 and committed to Nassau County Jail.

Respondent was found guilty under charge six of engaging in conduct prejudicial to the administration of justice (DR 1-102 [A] [5]) in two different areas. First, he failed to register with and remit his attorney registration fee to the Office of Court Administration. Second, he failed to file a statement of retainer with the appropriate court office with reference to his representation of Charles Nuskind.

In response to the petition, the respondent does not challenge the sufficiency of the evidence supporting the findings of fact and conclusions of law. He does maintain that a judgment in favor of plaintiffs in an action entitled *Flaks v Siskin* was improperly received in evidence. Re-

spondent did not preserve error in this matter since no objection was taken. In any event, no error resulted from the admission of that exhibit in light of the fact that the charge, to which it related, was not sustained.

The hearing panel reprimanded the respondent. It further recommended that this court suspend him for three years. Counsel for the Disciplinary Committee requests that he be disciplined as justice might require. Respondent argues that, in view of his 24 years of service in the profession, this court should limit his sanction to a reprimand.

The findings of fact and conclusions of law are overwhelmingly supported by the evidence. The respondent is guilty of gross neglect in the administration of the *Guberman* estate and the prosecution of the *Fletcher, Mikulewicz* and *Nuskind* actions. (*Matter of Spector,* 58 AD2d 493.) In one instance, his neglect has resulted in a judgment of $73,344.24 in favor of his former client, Ruth Guberman. These acts of professional misconduct, in themselves, are most serious. The respondent, however, was also held in contempt for failing to comply with subpoenas (*Matter of Kaplan,* 81 AD2d 599). Finally, he failed to file a retainer statement (*Matter of Parise,* 53 AD2d 272, 273) and to register with or to pay a required fee to the Office of Court Administration. When viewed in their totality, these flagrant acts of professional misconduct warrant the penalty of disbarment.

The findings of fact and conclusions of law are confirmed with regard to respondent's guilt found under charges two, three, four and six. Because the respondent has been most derelict in the performance of his professional duties, he is disbarred and his name is stricken from the roll of attorneys and counselors at law.

MURPHY, P. J., KUPFERMAN, SANDLER, CARRO and KASSAL, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York, effective July 25, 1983.