[645 NYS2d 469]

In the Matter of W. JAMES NOLAND (Admitted as W. JAMES NOLAND, JR.), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 18, 1996

APPEARANCES OF COUNSEL

*Naomi F. Goldstein* of counsel (*Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, W. James Noland, was admitted to the practice of law in the State of New York by the Second Judicial Depart-

ment on June 20, 1979, as W. James Noland, Jr. Respondent is also known as William Noland. At all times pertinent to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

After an extensive hearing, conducted over five separate days from February through September 1995, the Hearing Panel recommended that all 23 disciplinary charges brought against respondent be sustained. The charges against respondent allege a pattern of misconduct, that include his failure to satisfy a $35,000 judgment, his submission of a false affidavit, his misrepresentation under oath to the Departmental Disciplinary Committee, his neglect of four legal matters entrusted to him, his failure to comply with the attorney registration requirements, and his failure to cooperate with the Disciplinary Committee in its investigation. Respondent appeared only at the first session and has defaulted on this motion by the Departmental Disciplinary Committee to confirm the recommendation of the Hearing Panel that all 23 charges against respondent be sustained and that he be disbarred.

We agree with the Hearing Panel that respondent's pattern of behavior as a whole warrants disbarment (see, Matter of Hunter, 120 AD2d 214; Matter of Siskin, 95 AD2d 1; Matter of Florsheim, 77 AD2d 9). This includes his neglect of four matters; his improper retention of retainer fees in two of them; his intentional misrepresentations to clients about the status of their cases; his perjury before the Committee; his knowing submission of a false affidavit; his failure to satisfy a judgment; and his default on a court-ordered stipulation of settlement. The respondent, who has a prior disciplinary history, has not registered as an attorney since 1991 and has been documented as making bizarre and discriminatory statements in the course of representing a client.

Quite apart from the well-documented pattern of misconduct, we note that the Hearing Panel correctly found independent grounds for disbarring respondent in his failure to cooperate with the Committee with respect to seven charges added after his initial appearance before the Hearing Panel and his failure to appear at four of the five hearing dates (Matter of Viscomi, 197 AD2d 321; Matter of Horgan, 168 AD2d 28; Matter of Spector, 58 AD2d 493).

In short, the respondent has demonstrated utter disdain for the ethical and legal obligations of one who is a member of the Bar and his disbarment is the only appropriate sanction.

Accordingly, the motion to confirm the report and recommendation of the Hearing Panel is granted, and respondent's name shall be stricken from the roll of attorneys.

ROSENBERGER, J. P., WALLACH, KUPFERMAN, WILLIAMS and MAZZARELLI, JJ., concur.

Application granted, and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective August 19, 1996.