In the Matter of JAMES P. REGAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 28, 1983

**APPEARANCES OF COUNSEL**

*Michael A. Gentile* for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Petitioner, Departmental Disciplinary Committee for the First Judicial Department, moves for an order, pursuant to 22 NYCRR 603.4 (d), confirming a hearing panel's findings of fact, conclusions of law, and recommendation that respondent should be disbarred.

Respondent was admitted to practice in the Supreme Court, Second Judicial Department, on January 25, 1978. Thereafter, on or about September, 1978, he entered into a partnership for the practice of law with Louis Goldstone, Esq. During the period covered by the charges, the offices of this firm were located in the First Judicial Department.

The respondent is charged with: (1) violating DR 1-102 (A) (6) of the Code of Professional Responsibility, in that in August, 1979, without any notice to his partner, he abandoned the practice and did not advise his partner of the

status of legal matters entrusted to him; and, (2) violating DR 6-101 (A) (3) and DR 1-102 (A) (4) of the Code of Professional Responsibility, in that (a) he neglected a matter on behalf of a firm client and respondent misrepresented the status of this matter to the client and his law partner; and, (b) he made misrepresentations to another firm client and his law partner concerning the fee charged that client by the firm.

Despite being timely served with a statement of charges, the respondent never filed an answer.

Between May, 1982 and September, 1982, the hearing panel gave respondent repeated opportunities to participate in their inquiry into the charges. The panel was extremely generous in giving respondent adjournments. In their report the panel commented: "Respondent's failure to appear evinces an attitude that is not consistent with the standards of conduct required of attorneys."

Ultimately, the panel held an evidentiary hearing, from which the respondent voluntarily absented himself. At this hearing the petitioner's counsel presented evidence, in the form of witnesses and documents. Upon the basis of this evidence, the panel found respondent guilty of the abandonment charge and the neglect and misrepresentation charge.

The respondent has continued his course of indifference to this proceeding by not filing any response to petitioner's instant motion.

In view of respondent's pattern of misconduct and irresponsibility, we accept the panel's recommendation of disbarment.

Accordingly, the motion by the Departmental Disciplinary Committee to confirm the findings of fact and conclusions of law should be granted, and it is ordered that respondent should be disbarred and his name stricken from the roll of attorneys and counselors at law.

SULLIVAN, J. P., ROSS, FEIN, MILONAS and KASSAL, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York effective June 28, 1983.