In the Matter of CHARLES S. HORGAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 30, 1991

**APPEARANCES OF COUNSEL**

*Jorge Dopico* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Charles S. Horgan was admitted to the practice of law in New York by the Second Judicial Department on

June 21, 1972. At all times relevant herein, respondent maintained an office for the practice of law within the First Department.

On or about July 17, 1990, respondent was served with a notice of statement of charges alleging that he was guilty of professional misconduct in that he had neglected and misrepresented the status of a legal matter for which he had been paid, hampered the progress of the matter by failing to return certain evidence to substituted counsel, failed to return the unearned fee and falsely held himself out as being a partner in a law firm.

On the date the Hearing Panel convened to hear testimony and receive evidence relating to the charges, respondent arrived an hour late. He had neither served an answer to the charges nor retained counsel. His request for an adjournment was granted with the Panel directing him to answer charges by a date certain.

However, when the Panel reconvened, respondent did not appear. Nor had he served an answer to the charges. The evidentiary hearing was held in respondent's absence at which time the complainant, Dr. George Lorber, his attorney and a former colleague of respondent, testified. Dr. Lorber consulted respondent in the fall of 1987 with regard to losses he had sustained in the sale of securities. In January of 1988, respondent sent Lorber a proposed retainer agreement, whereby the law firm of Treanor, Harvey & Horgan agreed to represent Lorber in connection with his claims against Norstar, a broker. Lorber thereafter delivered a check in the amount of $2,500 made payable to the firm. Respondent deposited the check into the firm's account but then withdrew the $2,500. Pursuant to respondent's request, Lorber forwarded various documents and a tape recording in connection with his claims against Norstar.

Lorber's many subsequent attempts to contact respondent were to no avail except for two occasions when respondent agreed to send him a copy of the documents respondent had claimed to have filed to commence an arbitration proceeding and when respondent advised Lorber that a copy of the pleadings had been mailed to him. Respondent, in fact, never filed for arbitration against Norstar.

Michael Treanor, Esq., of Treanor, Harvey & Horgan, testified that although respondent was a signatory on the firm's account and his name appeared on the firm's letterhead,

respondent merely rented space in the office and was not a partner in the firm. He added that during the fall of 1988, respondent stopped coming to work. While it became apparent that respondent had obtained other employment, respondent never advised Treanor that he was leaving nor did he leave a forwarding address.

Respondent purportedly became a commodities broker at a trading firm. In an attempt to assist Lorber, Treanor telephoned respondent who indicated that he had Lorber's file and had instituted the arbitration proceeding on his behalf. However, respondent had not, in fact, filed for arbitration. The attempts of Lorber and his attorney to retrieve the file were unsuccessful. The attorney Lorber eventually retained to pursue his claim against Norstar also attempted to have Lorber's file and retainer fee returned. These efforts were also to no avail.

On February 23, 1989, Lorber filed a complaint with the Departmental Disciplinary Committee against respondent. At a deposition held on December 15, 1989, respondent appeared pursuant to a subpoena. However, although the subpoena directed respondent to bring the Lorber file to the deposition, he failed to do so. Respondent testified that he never returned Lorber's file or retainer fee because neither Lorber nor his attorney ever made such a request. He also stated that Treanor, Harvey & Horgan was not a partnership and that he merely rented space in their office. He further stated that he was no longer practicing law.

Although respondent agreed to forward the file and the $2,500 advance fee to Lorber's attorney by March 31, 1990, as of the date of the disciplinary hearing, September 27, 1990, respondent still had not complied. At the conclusion of the hearing, Staff Counsel recommended that respondent be disbarred. On November 29, 1990, the Hearing Panel found that respondent had not converted the $2,500 fee nor was securing such payment in advance held to constitute misconduct. However, the remainder of the charges were sustained and the Panel recommended disbarment. By notice of petition dated December 28, 1990, the Departmental Disciplinary Committee seeks an order confirming the Hearing Panel's report and imposing the recommended sanction of disbarment. Respondent has failed to interpose a response despite being served with notice of this motion.

The evidence presented to the Hearing Panel supports the

Panel's findings and conclusion that respondent is guilty of professional misconduct. To date, respondent has offered no explanation for his conduct. In view of respondent's demonstrated pattern of misconduct and irresponsibility, and the indifference he has displayed to these proceedings, we accept the Panel's recommendation of disbarment *(Matter of Regan,* 94 AD2d 272).

Accordingly, the motion by the Departmental Disciplinary Committee to confirm the findings of fact and conclusions of law should be granted, and it is ordered that respondent should be disbarred and his name stricken from the roll of attorneys and counselors-at-law.

ROSENBERGER, J. P., WALLACH, ASCH, KASSAL and SMITH, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective July 1, 1991.