[645 NYS2d 772]

In the Matter of BRUCE E. WASSNER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 1, 1996

**APPEARANCES OF COUNSEL**

*Jorge Dopico* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Bruce E. Wassner was admitted to the practice of law in the State of New York by the First Judicial Department on October 15, 1973. At all times pertinent to this

proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

Respondent was charged with neglecting four legal matters entrusted to him, making misrepresentations to the Departmental Disciplinary Committee (DDC) and his clients with respect to three legal matters, failing to cooperate with DDC in the investigation of a complaint of professional misconduct, and failing to return a client's file as requested by the client.

The respondent, who appeared *pro se,* was personally served with a notice of charges and informed of the date for a hearing. He sought numerous adjournments of the time to answer the complaint, as well as adjournments of the hearing, but defaulted nonetheless.

Three of respondent's clients testified and the Hearing Panel noted that, despite respondent's default, DDC counsel presented substantial documentary evidence supporting the charges.

The Hearing Panel found that respondent neglected legal matters entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30); engaged in conduct prejudicial to the administration of justice, in violation of DR 1-102 (A) (5) (22 NYCRR 1200.3); and engaged in conduct which adversely reflects on his fitness to practice law, in violation of DR 1-102 (A) (7) (now [8]).

In addition to sustaining 15 charges of professional misconduct, the Hearing Panel found that there were aggravating factors and a complete absence of mitigating factors, and further found that respondent had previously received four admonitions for neglecting three separate legal matters.

The Hearing Panel recommended that respondent be disbarred and further, because of his pattern of irresponsibility and indifference, that an attorney be appointed pursuant to 22 NYCRR 603.13 (g) to inventory respondent's client files and take whatever action is necessary to protect the interests of his clients.

The Departmental Disciplinary Committee moves to confirm the Hearing Panel's findings of fact and conclusions of law and recommends disbarment.

Inasmuch as respondent has not answered such motion even after obtaining three adjournments, it is clear that, even in the face of this proceeding seeking his disbarment, he continues to show an utter lack of concern for disciplinary proceedings against him.

Accordingly, in light of the uncontradicted evidence, the findings of fact and conclusions of law are confirmed and the petition of the Departmental Disciplinary Committee for disbarment is granted, and respondent is disbarred and his name is hereby stricken from the roll of attorneys and counselors-at-law, effective immediately.

Further, an attorney will be appointed to inventory respondent's client files, with directions to take whatever actions are appropriate with respect thereto.

ROSENBERGER, J. P., ELLERIN, RUBIN, KUPFERMAN and ROSS, JJ., concur.

Petition granted and respondent is disbarred as an attorney and counselor-at-law in the State of New York and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately, as indicated.