[806 NYS2d 501]

In the Matter of JEREMIAH J. SHEEHAN (Admitted as JEREMIAH JOSEPH SHEEHAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 29, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Vitaly Lipkansky* of counsel), for petitioner.

*Jeremiah J. Sheehan,* respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the Second Judicial Department on February 27, 1991, as Jeremiah Joseph Sheehan. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to Rules of this Court (22 NYCRR) § 603.4 (e) (1) immediately suspending respondent from the practice of law until further order of the Court, due to his failure to comply with lawful demands of the Committee made in connection with its sua sponte investigation regarding a check drawn on his escrow account that was dishonored.

On or about January 10, 2005, the Committee received notification from the Lawyers' Fund for Client Protection that a check from respondent's escrow account for $7,200 was dishonored on December 24, 2004. The Committee forwarded a copy of that notification to respondent advising that it had initiated a disciplinary investigation and directing respondent to submit within 20 days his written explanation of the circumstances which caused his check to be dishonored including his escrow bookkeeping records. In the event the check was dishonored solely as a result of bank error, respondent was advised that a letter from the bank setting forth with specificity the nature and cause of the bank error would be accepted in lieu of his written answer.

As of March 4, 2005, respondent had not responded and an investigator for the Committee contacted respondent by telephone. Respondent explained that the dishonored check was the result of a bank error and he was in the process of obtaining a letter from his bank to corroborate that assertion. Respondent was given until March 15, 2005 to submit a response. As of March 30, 2005, respondent had still not answered so the investigator wrote to him reminding him that his unexcused failure to submit a written response to the Committee constitutes professional misconduct. Respondent did not respond to that letter.

Thereafter, on May 9, 2005, the Committee left a telephone message for respondent regarding his lack of a response but he still did not contact the Committee. As a result, on May 17,

2005, the Committee obtained a subpoena from this Court directing respondent to personally appear before counsel for the Committee on June 10, 2005 and to bring his bookkeeping records. On May 18, 2005, counsel for the Committee received a faxed letter from respondent acknowledging the May 9, 2005 phone call and explaining that he was still attempting to obtain an explanation for the dishonored checks and that the bank told him that it had returned the check not because of insufficient funds but because it had his old office address printed on it which did not match the new address for his account in the bank's computer system.

The Committee was unable to personally serve respondent with the subpoena until June 7, 2005. The next day, respondent wrote to the Committee, stating that he was unable to appear on June 10 because he was leaving for Los Angeles on business and asking for a postponement. Respondent attached letters from the bank explaining that the subject check was dishonored because it was drawn on "uncollected funds" on deposit in his escrow account as opposed to "insufficient" funds. Respondent also stated that he had requested his bank to send him copies of his account statements for October 2004 to May 2005. In response, counsel for the Committee sent respondent a letter, dated June 9, agreeing to his request to reschedule his deposition to June 30, 2005. On June 26, 2005, the Committee received a faxed letter from respondent stating that he never received a response to his June 8 letter seeking a postponement, that he was still in California on business and would not return until June 30; and that he would be available to appear on "June 31" (*sic*). Whether or not there was a misunderstanding as to respondent's availability is unclear but, in reply, the Committee's staff called respondent's office leaving a message that he was due to appear at 10:00 A.M. on June 30 and asking him to immediately call the Committee if he was unable to appear. Respondent did not appear on that day, nor did he otherwise contact the Committee.

On July 5, 2005, the Committee responded by letter to respondent's June 26 letter, rescheduling his appearance until July 8 and advising him that his continued failure to obey this Court's subpoena could result in his suspension. When respondent did not appear on July 8 or otherwise contact the Committee, a phone message was left at respondent's office on July 12 asking that he call the Committee immediately, but there was no reply to the message. Consequently, on July 13, 2005, counsel

for the Committee sent respondent another letter noting his failure to appear on July 8, reminding him of the possibility of his suspension for failure to cooperate, and rescheduling his deposition for July 20, 2005. Again, respondent failed to appear or contact the Committee. By letter dated July 21, 2005, counsel for the Committee afforded respondent one final opportunity to comply with his demands and contact the Committee by July 28 or he would seek respondent's suspension for noncooperation. Respondent did not respond to that letter or otherwise contact the Committee.

The Committee now maintains that respondent should be suspended from the practice of law for noncooperation with the Committee's investigation pursuant to 22 NYCRR 603.4 (e) (1) (i) which provides, in pertinent part, that this Court may suspend an attorney from the practice of law pending consideration of charges of professional misconduct, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon: "(i) the attorney's default in responding to the petition or notice, or the attorney's failure to submit a written answer to pending charges of professional misconduct or to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation, hearing or disciplinary proceeding" (22 NYCRR 603.4 [e] [1] [i]).

By affirmation dated October 10, 2005, respondent opposes the motion, claiming that the allegation that he did not cooperate with the Committee's investigation is "untrue." He explains that on or about December 27, 2004, he was notified by his client, Mr. Kish, that respondent's $7,200 check to Kish had been dishonored. When respondent contacted the bank he was told that, at the time the check was presented for payment, there was enough money in the account, to wit, $13,317.81. He directed the bank to wire transfer $7,200 from his IOLA account to Kish's account. The bank teller was perplexed as to why the check was dishonored and stated that it must have been an error. Respondent emphasizes that his client never filed a complaint with the Committee and notes that the dishonored check report from the Lawyers' Fund for Client Protection reads that the account balance was indeed $13,317.81 and that the funds were "unavailable."

Respondent also refers this Court to the letters from his bank that he previously submitted to the Committee regarding his account and the "unavailable funds." He argues that because

the funds were "unavailable" and not "insufficient," the dishonored check report was issued in error. Furthermore, respondent avers that the explanation given and the bank documentation provided "more than detailed the reason for the dishonored check report" and he was "barrage[d] [with] requests for [his] deposition" by the Committee. Thus, respondent believes he has shown that he has cooperated with the Committee in its investigation, he has provided all documentation "necessary" to make clear that there was no professional misconduct, and there has been no accusation by his client or anyone else of professional misconduct in connection with the check issued. Additionally, respondent states that he is a sole practitioner and a suspension would "cause me to commit professional malpractice for failure to appear at conferences, depositions etc." Finally, since the matter has been "adequately explained," he believes the Committee's request for his deposition and further documents and/or suspension should be denied.

In reply, the Committee, besides noting that respondent's affirmation is untimely, states that respondent acknowledges receiving the Committee's directives to appear for a deposition with his escrow account records and still contends that his explanations are sufficient for the Committee to close its investigation. The Committee avers that, in effect, respondent is admitting that he deliberately ignored this Court's subpoena and the Committee's efforts to secure his cooperation because he unilaterally decided that he has provided adequate information in its investigation. Furthermore, under Code of Professional Responsibility DR 9-102 (i) (22 NYCRR 1200.46), attorneys who are subject of a disciplinary investigation are to provide all financial records required to be maintained upon a notice or subpoena from the Committee. Respondent has failed to turn over the records requested. Notably, the Committee states that if respondent cooperates as directed by the Committee, the Committee would likely withdraw its motion to suspend. Lastly, the Committee contends that because his opposing affirmation offers no adequate explanation for his failure to cooperate, respondent should be suspended for failure to do so.

Respondent's failure to cooperate with the Committee is well documented. Although he originally was prepared to appear for a deposition, respondent, who is appearing pro se, has now switched gears. Indeed, he has taken it upon himself to decide that his explanations regarding the "unavailable" escrow funds are enough for the Committee to close its investigation. Respon-

dent is wrong. Even if it is ultimately determined to be a simple matter of bank error, respondent is not in a position to ignore a subpoena issued by this Court for his appearance and for production of his bank records. Indeed, the amount of time respondent has spent getting explanations from his bank could have been used to obtain his bookkeeping records. Keeping in mind that respondent is a sole practitioner, that his client apparently received the funds and that the dishonored check report may have been issued based upon bank error, we nevertheless are compelled to grant the Committee's motion.

This unfortunate result, which brings to mind the old adage regarding a lawyer who has himself as a client, could have easily been avoided. Instead of ignoring the Committee's attempts to obtain his compliance with the subpoena and attempting to contest the merits of the Committee's investigation in the first instance in this Court, respondent should have simply appeared before the Committee with his records as directed by the subpoena. Then, if respondent's averments regarding the returned check were found to be valid, the matter would presumably be resolved favorably to him. Indeed, despite the Committee's offer in its reply to withdraw this motion if respondent cooperates as directed, we have no indication that he has taken advantage of such opportunity. At present respondent's offense arises not from the subject of the underlying investigation, but from his failure to comply with the lawful demands of this Court and the Committee.

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law until such time as the disciplinary matters pending before the Committee have been concluded, and until further order of this Court, with leave to respondent to apply to this Court for reinstatement upon a showing of immediate and full compliance with the subpoena and full cooperation in the Committee's investigation.

ANDRIAS, J.P., SAXE, FRIEDMAN, NARDELLI and MALONE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court. Respondent granted leave to seek reinstatement upon a showing of immediate and full compliance with the subpoena and of respondent's cooperation with the Committee's investigation.