[814 NYS2d 152]

In the Matter of CHARLES C. DAY (Admitted as CHARLES CHAN-
NING DAY), an Attorney, Respondent. DEPARTMENTAL DISCI-
PLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT,
Petitioner.

First Department, May 4, 2006

APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Jorge Dopico* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the Second Judicial Department on June 25, 1997, under the name Charles Channing Day. Although it appears that respondent currently resides in Gulfport, Florida and does not practice law in New York, at all times relevant to this proceeding he maintained an office for the practice of law within the First Judicial Department.

In a notice and statement of charges, dated February 4, 2005, the Departmental Disciplinary Committee alleges 20 counts of professional misconduct against respondent, including neglect of five client matters and on two occasions providing his clients with forged court orders to cover up his neglect of their cases, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation]); DR 6-101 (a) (3) (22 NYCRR 1200.30 [neglecting legal matters entrusted to him]); and DR 7-101 (a) (3) (22 NYCRR 1200.32 [intentionally prejudicing or damaging his client during the course of the professional relationship]). In addition, the charges allege that respondent failed to cooperate with the Committee's investigation concerning nine complaints of professional misconduct against him by failing to submit written answers and/or provide documents and information, as repeatedly requested and directed to do by the Committee, in violation of DR 1-102 (a) (5) (engaging in conduct prejudicial to the administration of justice). In one criminal matter, the charges allege that respondent had not sent his client a refund of the unearned portion of his retainer, in violation of DR 2-110 (a) (3) (22 NYCRR 1200.15). In an immigration matter, it was alleged that respondent owes a judgment for more than $78,000 to his client because his neglect and malpractice caused the client to be detained unnecessarily for three weeks, in violation of DR 1-102 (a) (5) (engaging in conduct prejudicial to the administration of justice) and DR 6-101 (a) (3) (neglect of legal matter entrusted to him).

It is further alleged that respondent failed to provide the Committee with documents, files, information, and IOLA rec-

ords requested by the Committee at a deposition and in letters mailed to him with regard to, inter alia, the Committee's sua sponte investigation of a dishonored IOLA check. Finally, it is alleged that by engaging in a pattern of neglect and noncooperation, respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of DR 1-102 (a) (7).

The charges are the result of information received regarding respondent's representation of clients beginning on or about August 8, 2002 when the Committee opened a sua sponte investigation of respondent after it received a copy of federal court orders granting summary judgment and awarding compensatory and punitive damages against respondent for legal malpractice based upon his lack of diligence which resulted in his client being unnecessarily held an additional 20 days in custody by the Immigration and Naturalization Service. Thereafter, the Committee received complaints from other clients of respondent as well as a Family Court referee on or about April 3, 2003, June 11, 2003, October 5, 2003, July 20, 2004, August 30, 2004, September 5, 2004, and November 12, 2004, regarding respondent's representation. The Committee was also notified by the Lawyers' Fund for Client Protection on July 30, 2004 that a check for $110 issued from respondent's IOLA escrow account had been dishonored for insufficient funds.

The Committee sent respondent letters directing him to answer these complaints; however, although respondent answered the April 3, 2003 and June 11, 2003 complaints, he failed to formally answer the other complaints against him. The Committee conducted a deposition of respondent regarding the complaints then pending on May 21, 2004, at which he appeared pro se and gave his version of events. At the deposition, counsel for the Committee advised respondent to send the Committee information and documents concerning several of the complaints against him within 10 days. Counsel also directed respondent to inform the Office of Court Administration (OCA) and the Committee about his new address in Florida because he had testified that he intended to move there. Thereafter, respondent moved to Florida without notifying the Committee of his change of address.

Since respondent did not send the requested information, Committee counsel mailed him two copies of the deposition transcript on September 21, 2004, to his New York address, for any appropriate corrections and asked him to return a corrected copy to the Committee, as well as the requested information,

documents and files that counsel requested. In addition, counsel reminded respondent that he could be suspended for failing to cooperate with the Committee.

Sometime in September 2004, a Committee investigator obtained respondent's new address in Florida from the Post Office. The Committee again sent two copies of respondent's deposition with a letter dated November 9, 2004, by express mail, stating that the allegations against him concerning neglect, failure to pay a judgment to a client, and giving clients forged court orders were very serious. Counsel also reminded respondent to send the Committee answers involving two complaints, as previously requested, and that he was required to notify OCA of his new Florida address, which he failed to do. Not hearing from respondent, counsel for the Committee sent him another letter on December 6, 2004, to his New York and Florida addresses reminding him that he had not sent the Committee the information and documents requested at the deposition, as well as the answers to several complaints.

The Committee served respondent with the notice and statement of charges by first class and certified mail, return receipt requested, at his Florida residence, notifying him that a hearing had been scheduled for 10:00 A.M. on March 16, 2005, at the Committee's offices. Respondent signed a certified return receipt on February 7, 2005, but despite letters from both the referee and the Committee to respondent asking him to confirm that he would participate in the proceedings, he did not serve an answer to the charges or otherwise communicate with the Committee or the referee.

On March 16, 2005, a hearing concerning the charges was conducted in respondent's absence before the referee appointed by this Court. The Committee introduced documentary evidence demonstrating that it had notified respondent about the hearing and warned respondent about the consequences of his failure to participate in the disciplinary proceedings. In support of the misconduct alleged in the charges, the Committee also offered in evidence various exhibits, including the federal court orders, the client complaints, and the transcript of respondent's deposition.

The referee held the record of the March 16, 2005 hearing open until 5:00 P.M. to permit respondent's appearance, but he did not appear. The referee then scheduled a mitigation hearing for March 22, 2005 at the Committee's offices in the event that respondent wished to present any evidence as to mitigation or

liability. The Committee notified respondent of the March 22, 2005 hearing date by first class and express mail sent to his Florida residence. Respondent did not appear at that hearing or otherwise respond.

As of the date of the hearing before the referee, respondent had not sent the Committee the information, files and documents requested at the deposition. Also, respondent had not sent any other answers to the outstanding complaints as repeatedly requested by the Committee. Further, respondent had not contacted the Committee or OCA to confirm his new address in Florida. According to the referee, the post office had not returned to the Committee any of the letters sent to respondent, nor had the two letters the referee mailed to respondent in Florida concerning the hearing been returned.

Accordingly, on May 4, 2005, the referee issued his report and, based upon respondent's default and the documentary evidence submitted, sustained all 20 charges of professional misconduct against respondent and recommended that he should be disbarred. The referee concluded that in light of all of the various misconduct established at the hearing, including his noncooperation with the Committee in multiple investigations of professional misconduct, respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of DR 1-102 (a) (7).

Turning to the issue of sanction, the referee concluded, in pertinent part:

> "[R]espondent engaged in a lengthy pattern of misconduct involving the neglect of five client matters, failure to satisfy a judgment to a client for the damage caused by his neglect, failure to return the unearned portion of a fee, failure to answer five complaints, and failure to provide information and documents, including IOLA records, concerning nine complaints. In addition, respondent has ignored the charges and pending disciplinary proceedings of which he has been notified repeatedly. Based on precedent, the seriousness of the misconduct, and respondent's default, I must recommend disbarment to the Court. Although respondent is not practicing law in New York now and is residing in Florida, I believe that he must be disbarred for the protection of the public in the event that he returns to New York to practice law and as a reminder that indiffer-

ence to the disciplinary proceedings by a member of the bar cannot and will not be tolerated."

On May 10, 2005, the Committee mailed a letter to the Chair of the Hearing Panel, with a copy to respondent requesting oral argument on its request to confirm the referee's report. On May 25, 2005, the Committee mailed a letter to respondent by first class and certified mail, return receipt requested, informing him that the Hearing Panel had scheduled oral argument for June 3, 2005. Respondent signed the certified mail return receipt on June 1, 2005.

The Hearing Panel convened on June 3, 2005 and heard oral argument. Respondent did not appear at the hearing or otherwise communicate with the Committee or the Hearing Panel. Counsel for the Committee requested that the report of the referee be confirmed.

After due deliberation, the Hearing Panel issued its written report on September 19, 2005 in which it unanimously concurred in the referee's findings of fact and conclusions and law, and his recommended sanction of disbarment, thereby sustaining all 20 charges against respondent, and recommended that he be disbarred. The Panel reiterated that this Court has consistently disbarred attorneys who engage in serious misconduct and fail to participate in disciplinary proceedings.

The Departmental Disciplinary Committee now seeks an order confirming the findings of fact, conclusions of law and recommended sanction in the report of the referee and the Hearing Panel's determination, and adopting the recommendation of the referee and the Hearing Panel that respondent be disbarred from the practice of law in New York. Respondent was served with a copy of the petition by first class mail at his Florida address on October 27, 2005. To date, respondent has not submitted a response, further confirming his utter disregard of the disciplinary proceedings against him.

A review of the documentary evidence presented to the referee and the Hearing Panel, which respondent failed to appear and contest, provides ample support for their findings that respondent is guilty of the 20 disciplinary violations charged. He engaged, inter alia, in a pattern of neglect of legal matters, which, in one instance, resulted in a substantial money judgment against him, which he has failed to satisfy. He further engaged in conduct involving dishonesty, fraud, deceit and misrepresentation when, on two occasions, he provided his clients with forged court orders to cover up his neglect. In addition, re-

spondent failed to cooperate with the Committee in its investigation of nine of the complaints, by failing either to submit written answers, as repeatedly directed by the Committee, and/or by failing to provide requested information or documents, including his IOLA escrow account records. Respondent also failed to submit an answer to the notice of charges and failed to appear at the hearing before the referee or at oral argument before the Hearing Panel.

Regarding the issue of sanction, given the serious nature of respondent's misconduct and his failure to contest the charges or otherwise appear in these proceedings, the sanction recommended by the referee and the Hearing Panel of disbarment should be imposed (*see Matter of Wassner*, 223 AD2d 320 [1996]). Although, unlike the respondent in *Wassner*, who had received four prior admonitions, respondent has no prior disciplinary history, his misconduct was more serious than Mr. Wassner's in that charges of dishonesty, fraud and deceit, in violation of DR 1-102 (a) (4) have been sustained against him based upon his forgery of court orders, he impeded the Committee's investigation of nine complaints, including, one involving a possible IOLA account violation, and he has failed to satisfy a substantial malpractice judgment which has been entered against him (*see also Matter of Noland*, 223 AD2d 82 [1996]; *Matter of Stein*, 189 AD2d 128 [1993]; *Matter of Horgan*, 168 AD2d 28 [1991]).

Accordingly, in light of the uncontradicted evidence, the findings of fact and conclusions of law should be confirmed and the Committee's petition granted, and respondent disbarred and his name is hereby stricken from the roll of attorneys and counselors-at-law, effective immediately.

BUCKLEY, P.J., MAZZARELLI, ANDRIAS, SAXE and SULLIVAN, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.