158

[839 NYS2d 30]

In the Matter of MICHAEL P. GOLDSMITH (Admitted as MICHAEL PHILIP GOLDSMITH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 21, 2007

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jun Hwa Lee* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by this Court on February 8, 1982. At all times pertinent to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

Now before us is the petition of the Departmental Disciplinary Committee (the Committee) seeking an order confirming the findings of fact and conclusions of law of the Referee and Hearing Panel, pursuant to 22 NYCRR 603.4 (d) and 605.15 (e), and adopting their recommendation to disbar respondent. As detailed below, respondent defaulted in the proceedings below and has not submitted a response to the Committee's petition.

On or about July 13, 2006, the Committee served respondent with a notice and statement of charges, setting forth six counts of misconduct involving the intentional misuse of an escrow account from August 2004 to April 2005. The statement alleged that on August 24, 2004, the New York State Department of Taxation and Finance (DTF) placed a levy and hold on respondent's business account in the amount of approximately $13,382.96 and, as a result, the sum of $255 was debited and disbursed to DTF in partial satisfaction of its judgment. Soon thereafter, respondent stopped using his business account and began improperly placing personal funds in his escrow (IOLA) account in an effort to conceal such funds from DTF.

The Committee charged that respondent: (1) engaged in conduct involving dishonesty and fraud by intentionally depositing personal and business funds into an attorney escrow account to avoid the attachment of tax liens in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3); (2) improperly used an account designated as an escrow account to shield his funds from the tax authorities, and for personal and business expenses that were not incident to his practice as an attorney, which was prejudicial to the administration of justice in violation of DR 1-102 (a) (5); (3) engaged in conduct prejudicial to the administration of justice by failing to satisfy the judgment obtained by DTF; (4) violated DR 9-102 (b) (1) (22 NYCRR 1200.46) by depositing personal funds into his IOLA account and using that account as a personal and business account; (5) violated DR 9-102 (a) by maintaining personal funds in his IOLA account and commingling client and personal

funds; and (6) engaged in conduct adversely reflecting on his fitness as a lawyer in violation of DR 1-102 (a) (7).

After respondent failed to respond to the charges, he was advised by letter that he was in default, that a liability hearing had been scheduled, and that, if he failed to respond, the charges would be deemed admitted pursuant to 22 NYCRR 605.12 (c) (4). When respondent failed to submit an answer, a committee investigator telephoned respondent the day before the hearing and left messages, both at his home and office, reminding him of the hearing.

A Referee held a hearing despite respondent's nonappearance. The Committee introduced respondent's bank records and the transcript of his deposition, which the Committee had taken in 2005. This and other evidence established that from approximately October 1, 2004 through April 26, 2005, respondent had deposited personal and client funds in his IOLA account, from which he improperly issued approximately 153 checks totaling $109,039.95 for his personal use. Moreover, respondent admitted that he was using his IOLA account for personal and business funds since DTF's levy forced him to stop using his operating account. Although respondent initially testified that it was not his intention to hide from a creditor, he admitted he knew that by placing his personal and business funds in his IOLA account he was "trying to keep money out of the [S]tate's hands." Respondent further admitted that he misused his IOLA account as his personal and business account and commingled personal funds with client funds.

The Referee determined to recommend that all charges against respondent be sustained except for charge three. Thereafter, the Committee notified respondent by letter of the Referee's findings of liability and advised him to appear for a mitigation hearing on September 14, 2006. Once again, the day before the hearing, phone messages were left for respondent at home and at his office reminding him of the hearing. The mitigation hearing went forward, but respondent did not appear. At the hearing, the Committee urged a recommendation of disbarment.

In October 2006, the Referee issued a report setting forth his prior findings on liability (sustaining charges one, two, four, five and six against respondent) and recommending respondent's disbarment. In addition, the Referee found respondent had been given adequate notice of the charges and hearings, yet still failed to participate or communicate in any manner with the Committee. In recommending disbarment the Referee concluded:

"Although Respondent has no prior disciplinary history and his conduct has not resulted in any money loss or harm to any clients or other lawyer or persons, the Respondent's misconduct was serious in nature and his failure to cooperate evinces an attitude which is not consistent with the standard of conduct required of attorneys."

A Hearing Panel heard oral argument on October 31, 2006. Although respondent received both written and telephonic notice of the hearing, he did not appear or otherwise contact the Committee. The day after the hearing, at the request of the Panel, a committee investigator went to respondent's apartment building and verified with the doorman that respondent had received the prior notices. In addition, in response to the buzzing of his intercom, respondent came down to the lobby of his apartment building and accepted a letter from the Committee informing him that oral argument had occurred and that he should contact the Committee if he wished to make any submissions. Notwithstanding a second letter having been sent advising respondent of his right to apply to reopen the hearing, respondent did not contact the Committee.

In December 2006, the Panel issued a report confirming the Referee's findings and recommendations in all respects. The Panel noted that, although the typical sanction for misuse of an IOLA account in this Department is suspension, it viewed disbarment as the appropriate action in this case due to respondent's "abject failure to cooperate with the Committee" in the investigation.

The instant petition by the Committee for an order confirming the findings of fact and conclusions of law of the Referee and the Hearing Panel, and disbarring respondent pursuant to their recommendation, was served on respondent by mail on March 9, 2007. Once again, respondent has not submitted any response.

We now grant the Committee's petition to confirm the reports of the Referee and Hearing Panel and adopt their recommendation of disbarment. Initially, by failing to offer a defense for his misconduct, respondent is deemed to have admitted the charges against him (22 NYCRR 605.12 [c] [4]). Moreover, the evidence at the hearing—including banking records and other documentary evidence, as well as respondent's admissions—provides ample support for the findings that, after his business account had been levied upon by DTF, respondent decided to shield his

personal funds by placing his business and personal funds in his IOLA account. In view of the serious nature of respondent's evasion of a tax creditor and his abuse of his IOLA account, combined with his failure to contest the charges against him or appear in the proceedings, we agree that disbarment is the appropriate sanction (*see Matter of Sam*, 224 AD2d 119, 124 [1996]; *Matter of Lubell*, 190 AD2d 479, 480 [1993]).

Accordingly, the Committee's petition should be granted in its entirety, the findings of fact and conclusions of law of the Referee and the Hearing Panel confirmed, respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law, effective immediately.

MAZZARELLI, J.P., ANDRIAS, FRIEDMAN, McGUIRE and MALONE, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.