[847 NYS2d 543]

In the Matter of JEREMIAH J. SHEEHAN (Admitted as JEREMIAH JOSEPH SHEEHAN), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 18, 2007

164

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Vitaly Lipkansky* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the Second Judicial Department on February 27, 1991, as Jeremiah Joseph Sheehan. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By order, entered December 29, 2005, and corrected March 1, 2006, this Court immediately suspended respondent from the practice of law pursuant to the Rules of this Court (22 NYCRR 603.4 [e] [1]) pending the conclusion of disciplinary matters pending before the Departmental Disciplinary Committee based upon his failure to comply with lawful demands of the Committee made in connection with its sua sponte investigation regarding a check drawn on his escrow account that was dishonored (*Matter of Sheehan*, 26 AD3d 43 [2005]).

Subsequently, on August 17, 2006, the Committee filed formal charges against respondent alleging 10 separate violations of the Code of Professional Responsibility. Specifically, respondent was charged with intentional conversion of client funds from his escrow account, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and DR 9-102 (a) (22 NYCRR 1200.3, 1200.46); making disbursements from the escrow account by debit memos instead of checks payable to a named payee, in violation of DR 9-102 (e); making misleading statements to this Court and the Committee in an affirmation in opposition to the Committee's prior motion to temporarily suspend him, in violation of DR 1-102 (a) (4); failing to cooperate with the Committee's investigation relating to a dishonored escrow check and a complaint filed against him by a client, in violation of DR 1-102 (a) (5); failing to file retainer and closing statements with the Office of Court Administration (OCA), in violation of DR 1-102 (a) (5); and, based upon the foregoing misconduct, for engaging in conduct that adversely reflected on his fitness as a lawyer, in violation of DR 1-102 (a) (7). Based on his biennial attorney registration statement and an investigation by the Committee, two addresses were used to notify re-

spondent during the investigation, one in New York and one in California.

The Committee now moves for an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) confirming the Hearing Panel's determination, which sustained all of the charges and recommended that respondent be disbarred.

Respondent, who appeared pro se in opposition to the Committee's prior motion to temporarily suspend him, has not subsequently appeared or responded to the Committee's charges and has not submitted a response to this motion.

After respondent failed to respond to the charges, respondent was advised by letter that a hearing on the charges would take place and was warned that his failure to appear would result in a finding of default against him as to the charges. The Referee conducted a hearing on the charges on January 29, 2007, at which the Committee presented documentary evidence, including bank records and accounting spreadsheets. Respondent failed to appear. The Referee sustained all charges and adjourned the sanction portion of the hearing to February 5, 2007. Once again, respondent was notified of the hearing, but failed to appear.

In his report dated April 6, 2007, the Referee found that, on or about January 10, 2005, the Committee was notified by the Lawyers' Fund for Client Protection that a check from respondent's escrow account in the amount of $7,200, payable to one of his clients for the settlement of a contract dispute, had been dishonored. The Committee commenced a sua sponte investigation into respondent's escrow account to ascertain why the check did not clear. In his affirmation in opposition to the Committee's motion to suspend him on an interim basis, respondent assured this Court that the check had been dishonored as a result of "unavailable" funds rather than insufficient funds. According to respondent, the account contained $13,317.81 when his client attempted to withdraw his funds in escrow, and an error by the bank prevented the disbursement of funds. However, after auditing respondent's escrow account records (which were subpoenaed from the bank because respondent failed to turn them over as required), it became clear that respondent's explanation to this Court was false and that he had committed additional infractions involving his escrow account.

The results of the audit, which are uncontested, revealed that respondent converted his client's funds to his own use in November 2004, and then used funds belonging to another cli-

ent to pay the client his $7,200. The bank records also showed that respondent intentionally converted funds belonging to five other clients to his own use. Indeed, on April 5, 2005, when settlement funds for five separate clients were supposed to have been on deposit in respondent's escrow account, the account balance was –$.52, and those clients had not yet been paid their settlement funds. This negative balance and conversion resulted from respondent making disbursements to himself via debit memos. The Referee concluded that by "repeatedly and intentionally" invading and converting escrow funds belonging to his clients and by making debit memos to himself instead of checks payable to a named payee respondent violated DR 1-102 (a) (4) and DR 9-102 (a) and (e).

In addition to conversion, respondent failed to file retainer and closing statements with OCA for the contingency-fee personal injury cases of four of those five clients as required under 22 NYCRR 603.7 and, accordingly, was found to have violated DR 1-102 (a) (5).

The second prong of the Committee's investigation related to a complaint filed by another client on January 19, 2006, alleging that her family's lawsuit against a hospital for serious injuries sustained by her son during birth was dismissed because respondent failed to appear at a preliminary conference, which resulted in a final order of dismissal.

The Referee concluded that respondent's failure to appear in the disciplinary proceeding despite ample notice was an aggravating factor (see e.g. Matter of Noland, 223 AD2d 82 [1996]; Matter of Horgan, 168 AD2d 28 [1991]). Despite the Committee's numerous attempts to notify respondent of the proceedings and the potential consequences of his failure to participate, the Referee pointed out that the only participation in the proceedings by respondent was limited to his affirmation submitted in opposition to the Committee's suspension motion. Notably, the Referee found, that affirmation was "misleading and deceitful" since respondent had argued that the funds were unavailable due to bank error when, in fact, he knew he had intentionally converted his client's funds. Accordingly, the Referee found respondent's refusal to cooperate with the Committee's investigation into both complaints, including his failure to respond to two subpoenas, amounted to violations of DR 1-102 (a) (5). Moreover, by making fraudulent statements to the Committee and this Court in his affirmation in opposition to his suspension, respondent violated DR 1-102 (a) (4) and (5). Finally,

the Referee concluded that the "cumulative effect of respondent's actions" brought him within the ambit of DR 1-102 (a) (7) in that he engaged in conduct that adversely reflected on his fitness as a lawyer.

In recommending that respondent be disbarred, the Referee noted that it was well settled that, "absent extreme mitigating circumstances," attorneys who have intentionally converted client funds have committed serious professional misconduct, which warrants disbarment (*Matter of Pape*, 31 AD3d 156, 159 [2006], quoting *Matter of Schmell*, 27 AD3d 24, 27 [2006]; *Matter of Kohn*, 31 AD3d 203 [2006]).

A Hearing Panel heard oral argument on May 9, 2007 and, once again, despite due notice, respondent did not appear. In its report dated June 14, 2007, the Panel recommended affirming the Referee's report in its entirety including the recommendation of disbarment where there was "overwhelming evidence" that respondent converted and misappropriated escrow funds that were deposited on behalf of his clients. Indeed, the Panel found, the unchallenged audit of respondent's escrow account "demonstrated a pattern of converting and misappropriating client funds." The Panel concluded that "the totality of Respondent's conduct makes plain that Respondent is not fit to practice law" and recommended that he should be disbarred.

In support of its petition to confirm the determination of the Hearing Panel and disbar respondent, the Committee avers that this Court's precedent is quite clear that an attorney who has intentionally converted client funds is "presumptively unfit to practice law" and should be disbarred absent extremely unusual mitigating circumstances (*Matter of Bernstein*, 41 AD3d 49, 52 [2007]; *Matter of Pape, supra*). The Committee further argues that respondent's additional misconduct of filing an affirmation with this Court containing deceptive and misleading statements constitutes serious misconduct which was aggravated by his noncooperation throughout the proceedings, including his failure to answer the charges or appear before the Referee and Hearing Panel (*Matter of Day*, 29 AD3d 240 [2006]).

Respondent has continued his course of indifference to this proceeding by not filing any response to petitioner's instant motion despite being served by mail.

By failing to offer a defense for his actions, respondent is deemed to have admitted the charges against him (22 NYCRR 605.12 [c] [4]). In addition, the record evidence clearly establishes that respondent engaged in grave misconduct, including a

pattern of intentional conversion and misappropriation of client funds, which warrants his disbarment.

Accordingly, the Committee's petition to confirm the Hearing Panel's report and recommendation should be granted, respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York.

ANDRIAS, J.P., SAXE, FRIEDMAN, NARDELLI and MALONE, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.