[934 NYS2d 133]

In the Matter of ZELDA E. STEWART, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 6, 2011

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Jun Hwa Lee* of counsel), for petitioner.

*Scalise & Hamilton, LLP* (*Beverly M. Ma* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Zelda E. Stewart was admitted to practice law in the State of New York by the First Judicial Department on January 22, 1990. At the time of her interim suspension, respondent maintained an office for the practice of law within the First Judicial Department.

By the instant petition dated January 10, 2011, the Departmental Disciplinary Committee (DDC) moves for an order confirming the DDC Hearing Panel's determinations, and imposing a sanction which this Court deems appropriate.

In 2004, a former client of respondent filed a complaint against respondent for professional misconduct. Respondent was deposed by the DDC on March 9, 2006. In June 2006, the client commenced a malpractice action. Respondent failed to answer or appear, and on November 27, 2006, a default judgment was entered against respondent for $50,000 plus $345.21 in interest.

Although the DDC attempted to contact respondent, she did not answer or contact the DDC, and failed to appear at an October 30, 2007 deposition. In January 2008, the DDC sought an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iv) suspending respondent from the practice of law until further order of the Court due to her failure to cooperate with the DDC's investigation into the allegations of professional misconduct and her failure to pay the $50,345.21 judgment. Respondent failed to submit a response and this Court granted the DDC's motion for interim suspension on February 5, 2008. Shortly after she received notice of her suspension, respondent contacted the DDC and appeared for a March 4, 2008 deposition. The DDC investigation into the client's allegations continued and respondent was deposed again by the DDC on May 21, 2009.

At the completion of its investigation, the DDC filed a notice and statement of charges against respondent on July 6, 2009, alleging seven violations based upon, inter alia, respondent's neglect of a client matter, improper solicitation, and failure to pay a judgment. The DDC served the notice and statement of charges on respondent via certified mail and sent a letter notifying her that she was in default and should contact the DDC. Respondent did not submit an answer or otherwise contact the DDC.

Respondent did not appear at a September 10, 2009 hearing, and the Referee sustained all of the charges except "willful failure or refusal to pay money owed to a client." (22 NYCRR 603.4 [e] [1] [iv].) On the remaining counts, the Referee held that under 22 NYCRR 605.12 (c) (4), the charges were deemed to have been admitted. The DDC served respondent with a copy of the report via first class and certified mail return receipt, along with a letter advising her that a sanctions hearing was scheduled for November 25, 2009. Although the return receipts indicate that respondent received these documents, she failed to appear at the sanctions hearing.

At the sanctions hearing, the DDC urged the Referee to disbar respondent. However, the Referee rejected the DDC's request, and in a January 24, 2010 sanctions report, recommended that respondent be suspended prospectively for three years. The DDC forwarded the notice of charges, hearing transcripts, exhibits and the Referee's report to the Hearing Panel. The DDC sent formal notifications to respondent and also attempted to contact her by email.

At the February 22, 2010 hearing, the Panel reviewed respondent's three depositions describing her mental health problems and strained financial circumstances, and responding to the allegations of misconduct. When the Panel learned that the deposition transcripts were not provided to the Referee, they reopened the matter for reconsideration by the Referee.

In an amended report, the Referee reinstated the charge for respondent's willful nonpayment of the judgment. Finding that respondent's deposition testimony described mitigating circumstances, the Referee amended her recommendation to provide that the three-year suspension run nunc pro tunc to the February 5, 2008 suspension order. The Referee also recommended that respondent's reinstatement to the practice of law be conditioned on providing a professional report as to her mental health and a plan for paying the $50,000 judgment.

In its September 15, 2010 decision, the Hearing Panel agreed with the Referee regarding the charges and rejected the DDC's request for disbarment. The Panel observed that respondent's misconduct did not warrant disbarment and her lack of cooperation was likely due to her incapacity. However, the Panel recommended that respondent remain suspended "until such time as [she] comes forward to satisfy the [DDC] that she is prepared to address and resolve the issues raised in the Statement of Charges."

In the instant petition, the DDC argues that respondent should be disbarred because mental health problems must be corroborated and a causal connection must be established. The DDC also argues that failure to answer charges and appear at a disciplinary hearing constitutes independent grounds for disbarment.

Respondent, now represented by counsel, requests that this Court set aside her default and impose a nunc pro tunc three-month suspension. Respondent submitted an affidavit and a letter from the New York City Bar's Lawyer Assistance Program to her counsel corroborating weekly counseling of respondent from May to July 2009 and again in early 2011. The affidavit describes respondent's "downward spiral of anxiety, depression, and emotional . . . abuse," which began shortly after her client's complaint was filed. Following the arrest of her then live-in boyfriend, respondent obtained therapy from June through September 2010. Respondent claims that her "inability to cooperate with the [DDC] and . . . ultimate default in the disciplinary proceedings were [not] intentional or willful."

Despite these contentions, there is no basis to set aside respondent's default. Respondent admits to the charges brought by her client, and admits receiving some of the DDC notices. Furthermore, despite knowing that she was the subject of DDC proceedings, respondent failed to answer the charges or participate in the hearings until she opposed the DDC's instant petition in April 2011. Thus, the charges are deemed to be admitted (22 NYCRR 605.12 [c] [4]; *Matter of Goldsmith*, 43 AD3d 158 [2007]).

However, we agree with the Referee and Hearing Panel that disbarment is not warranted. While there is some support for the DDC's assertion that an attorney's failure to cooperate may serve as "independent grounds for disbarment" (*see Matter of Noland*, 223 AD2d 82, 83 [1996]), the conduct alleged, which was nonvenal and limited to one client, does not demonstrate a

pattern of serious misconduct (cf. *Matter of Sheehan*, 48 AD3d 163 [2007] [intentional conversion]; *Matter of Goldsmith*, 43 AD3d 158 [2007] [intentional misuse of an escrow account and failure to satisfy a judgment]; *Matter of Day*, 29 AD3d 240 [2006] [neglect of five matters, failure to satisfy judgment, and forgery]; *Matter of Noland*, 223 AD2d 82 [1996] [neglect of four matters, improper retention of retainer fees, intentional misrepresentations, failure to satisfy judgment and default]). Furthermore, respondent has submitted corroborating evidence of her mental health issues that support mitigation of sanctions.

Accordingly, the DDC's motion to confirm the Hearing Panel's findings is granted to the extent of sustaining the charges against respondent. At this juncture, respondent has been suspended for more than three years and may now seek reinstatement. Any motion for reinstatement should be conditioned upon: (1) the submission of a psychiatric report attesting that respondent is mentally capable of resuming the practice of law; (2) the submission of a plan for making payments in satisfaction of the outstanding judgment against respondent; and (3) respondent's payment of all outstanding biennial attorney registration fees.

GONZALEZ, P.J., MAZZARELLI, ANDRIAS, CATTERSON and FREEDMAN, JJ., concur.

Petition granted in part and otherwise denied, as indicated.