[19 NYS3d 164]

In the Matter of JOHN D. HORENSTEIN (Admitted as JOHN DAVID HORENSTEIN), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 17, 2015

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Vitaly Lipkansky* of counsel), for petitioner.

*Richard M. Maltz*, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent John D. Horenstein was admitted to the practice of law in the State of New York by the Second Judicial Department on March 1, 1995. At all times relevant herein, respondent has maintained an office for the practice of law within the First Department.

By order and decision dated November 8, 2012, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (iii), this Court immediately suspended respondent from the practice of law, until further order of this Court, based upon uncontested evidence that he fraudulently billed over $40,000 to a client of his former law firm through submission of false expense reports (101 AD3d 49 [1st Dept 2012]).

The Departmental Disciplinary Committee (Committee) brought charges against respondent alleging that he engaged in conduct involving fraud, dishonesty, deceit or misrepresentation in violation of rule 8.4 (c) of the Rules of Professional Conduct (22 NYCRR 1200.0) (charge one); intentionally misappropriated funds in violation of rule 8.4 (c) (charge two); falsified bank records in violation of rule 8.4 (c) (charge three); engaged in conduct prejudicial to the administration of justice by submitting a misleading letter to the Committee in violation of rule 8.4 (d) (charge four); misrepresented to a former partner that he had traveled to Dallas on six occasions in violation of rule 8.4 (c) (charge five); and had, by virtue of the foregoing, engaged in conduct adversely reflecting on his fitness as a lawyer in violation of rule 8.4 (h) (count six).

Following a hearing, the Referee sustained charges one, two, three and six but did not sustain charges four and five, and recommended that respondent be suspended for one year nunc pro tunc to November 8, 2012 (the date of his interim suspension).

The Hearing Panel confirmed the Referee's liability findings insofar as he sustained charges one, two, three and six; disaffirmed the Referee's liability findings as to charges four and five and sustained those charges; disaffirmed the Referee's sanction recommendation of a one-year nunc pro tunc suspension; and recommended that respondent be suspended for three years nunc pro tunc to the date of his interim suspension.

The Committee now petitions for an order, pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2), confirming the Hearing Panel's liability findings, suspending respondent for no less than three years from the date of his interim suspension, and granting such other and further relief as justice may require. Respondent opposes the Committee's petition and requests that this Court affirm the Referee's liability findings and sanction recommendations, and automatically reinstate him to the practice of law, and disaffirm the Hearing Panel's report insofar as it sustained charges four and five and recommended a three-year nunc pro tunc recommendation.

The Hearing Panel's report should be confirmed in its entirety, including its recommendation of a three-year nunc pro tunc suspension. The Hearing Panel's liability findings are amply supported by the record. Similar conduct has resulted in sanctions ranging from public censure to disbarment (see e.g. Matter of de la Rosa, 290 AD2d 134 [1st Dept 2002] [attorney censured for falsifying and altering a single expense report and related travel receipts to inflate the cost of a business trip by approximately $2,000]; Matter of Pape, 31 AD3d 156 [1st Dept 2006] [attorney disbarred for, inter alia, submitting approximately $184,000 in false expense claims over a five-year period and failing to cooperate with Committee investigation]). The record here, on balance, favors a three-year suspension. While respondent's misconduct was intentional and well orchestrated, it occurred over a relatively short period of time. His misconduct, while serious, is mitigated by his previously unblemished record, his eventual and full cooperation with the Committee, his payment of full restitution to his former firm, and his remorse.

Accordingly, the Committee's petition should be granted to the extent of confirming the Hearing Panel's findings of fact and conclusions of law sustaining all the charges, the Hearing Panel's sanction recommendation should be confirmed, and respondent suspended from the practice of law in the State of New York for a period of three years nunc pro tunc to November

8, 2012. Respondent's cross motion should be granted solely to the extent of confirming the Referee's and Hearing Panel's liability findings sustaining charges one, two, three and six.

GONZALEZ, P.J., TOM, MAZZARELLI, SAXE and MANZANET-DANIELS, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three years, nunc pro tunc to November 8, 2012, and until further order of this Court. Referee's and Hearing Panel's liability findings confirmed to the extent indicated, and otherwise denied.