[675 NYS2d 316]

In the Matter of WINTHROP G. GARDNER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 10, 1998

#### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

#### OPINION OF THE COURT

Per Curiam.

By order of the Supreme Court of Louisiana, dated October 17, 1997, the respondent was suspended from the practice of law in that State for two years, with six months of that suspension deferred, followed by a two-year probation period subject to the conditions recommended by the Hearing Committee.

On March 12, 1998, the respondent was served with a notice pursuant to 22 NYCRR 691.3, informing him of his right to interpose certain enumerated defenses to the imposition of reciprocal discipline in New York. The disciplinary action against the respondent in Louisiana emanated from his commingling and conversion of clients' funds that were withheld for payment of third-party providers.

The respondent has failed to assert any of the defenses enumerated in 22 NYCRR 691.3 (c) or to demand a hearing, despite the fact that he was afforded an adjournment to do so.

In view of the multiple acts of conversion committed by the respondent in Louisiana, he is disbarred in New York.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and RITTER, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Winthrop G. Gardner, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Winthrop G. Gardner, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.