[831 NYS2d 116]

In the Matter of WILLIAM P. HOVELL (Admitted as WILLIAM PAUL HOVELL), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 13, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Judith N. Stein* of counsel), for petitioner.

*Sarah Diane McShea* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent William P. Hovell was admitted to the practice of law in the State of New York by the First Judicial Department on March 5, 1984, under the name William Paul Hovell. Respondent was admitted to practice law in Arizona on November 9, 1985. Respondent currently lives in Oklahoma and is not practicing law.

The Departmental Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.3, disbarring respondent, predicated upon similar discipline issued by the Supreme Court of Arizona. In the alternative, the Committee seeks an order sanctioning respondent as this Court deems appropriate.

In March of 2002, the Supreme Court of Arizona disbarred respondent, ordered him to make restitution to various individuals of over $77,000, and to reimburse the Client Protection Fund for any claims it had paid. The Arizona disbarment was based upon respondent's misconduct in five matters.

Matter One: Respondent settled a personal injury claim without authorization from client A; he failed to respond to that client's request for information; and failed to respond to the Arizona state bar's requests for information.

Matter Two: Respondent settled an accident claim for client B and did not give the client her share of the settlement proceeds. Respondent did not communicate with client B after the settlement, he did not provide an accounting, and he did not respond to letters of inquiry from the Arizona state bar.

Matter Three: Respondent did not honor an agreement with his former law partner to account for fees and costs on cases handled for him. He also withheld funds owed to this attorney.

Matter Four: Respondent settled a case for client D for $75,000. He was given $27,000 to cover his costs. Respondent remitted $55,000, but failed to provide an accounting as to his costs. He also failed to respond to a request for information from the Arizona state bar regarding this matter.

Matter Five: Respondent failed to pay for services performed in connection with expert testimony for matter four, and, again, failed to respond to state bar inquiries. In determining a proper sanction, the Arizona Disciplinary Commission considered six

aggravating factors[1] and two mitigating circumstances,[2] ultimately determining that respondent should be disbarred from practice in that state, effective March 28, 2002.

The Disciplinary Committee brought a petition for reciprocal discipline in July 2003. However, it withdrew that petition after being informed by respondent's counsel that he had moved to vacate the Arizona disbarment. In December of 2005, respondent's counsel notified the Disciplinary Committee that the Supreme Court of Arizona had denied his petition.

The Disciplinary Committee has provided clear evidence that respondent committed the misconduct for which he was disbarred in Arizona. Moreover, respondent is precluded from raising any defenses to reciprocal discipline enumerated in 22 NYCRR 603.3 (c) which are: (1) a deprivation of due process due to a lack of notice or opportunity to be heard; (2) an infirmity of proof establishing the misconduct in the foreign jurisdiction; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction.

First, respondent participated at the beginning of the proceedings in Arizona, and then defaulted when requested to file supplemental papers. He also appeared at a portion of the sanction hearing, and he never argued that he was not given proper notice of the charges raised against him or an opportunity to contest them. He moved to vacate his disbarment, but he did not appeal the Arizona Supreme Court's decision. Further, there was substantial evidence to support all of the charges which led to his Arizona disbarment. Finally, respondent's actions in Arizona constitute violations of New York's Rules of Professional Conduct (*see* Code of Professional Responsibility DR 1-102 [a] [4] [22 NYCRR 1200.3] [conduct involving dishonesty, fraud, deceit, or misrepresentation]; DR 6-101 [a] [3] [22 NYCRR 1200.30] [client neglect]; DR 1-102 [a] [5] [conduct prejudicial to the administration of justice]; DR 9-102 [c] [3], [4] [22 NYCRR 1200.46] [rules regarding proper accounting practices]).

Accordingly, the Committee's motion should be granted to the extent that it seeks an order disbarring respondent pursuant to

1. (1) dishonest or selfish motive; (2) pattern of misconduct; (3) multiple offenses; (4) bad faith obstruction of the disciplinary proceedings; (5) substantial prior experience; and (6) indifference to making restitution.

2. (1) respondent had no prior disciplinary record; and (2) respondent had personal and emotional problems (he testified as to his bankruptcy, the suicide of a close friend and deaths of other relatives).

22 NYCRR 603.3, and respondent is disbarred from the practice of law, effective immediately (*Matter of Harris,* 37AD3d 90 [2006]; *Matter of Dranov,* 14 AD3d 156 [2004]; *Matter of Anschell,* 11 AD3d 56 [2004]).

Tom, J.P., Mazzarelli, Sullivan, Nardelli and Williams, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.