[842 NYS2d 355]

In the Matter of SHERI M. HATTON (Admitted as SHERI MICHELLE HATTON), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 26, 2007

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Stephen P. McGoldrick* of counsel), for petitioner.

*Sheri M. Hatton,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Sheri M. Hatton was admitted to the practice of

law in the State of New York by the Second Judicial Department on August 20, 1997. At all times relevant herein, she has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee now seeks an order pursuant to Judiciary Law § 90 and 22 NYCRR 603.3, disbarring respondent, predicated upon similar discipline issued by the Committee on Grievances for the United States District Court for the Southern District of New York (Grievance Committee). In the alternative, the Committee seeks an order sanctioning respondent as this Court deems appropriate.

In November 2006, the District Court for the Southern District of New York disbarred respondent, based upon her neglect of client matters and her failure to comply with the investigation thereof. The time line of events is as follows.

On March 21, 2006, in a case entitled *Stanley Henderson v State of New York et al.*, Judge McMahon issued an order to show cause directing respondent to explain why the court should not order her removal as counsel and refer her to the Grievance Committee in light of her failure to respond to a summary judgment motion and her apparent failure to communicate with her client for six months. Respondent did not respond to this order, and, on March 29, 2006, Judge McMahon removed respondent as plaintiff's counsel. The court concluded that respondent had failed and refused to communicate with her client since October 2005; failed to appear at a pretrial conference held on September 1, 2005; failed to advise her client that a motion for summary judgment had been filed against him; failed to submit any response thereto or seek any adjournment thereby causing the court to determine the motion on default; and at no time did she seek to be relieved as counsel in the matter. The court referred the matter to the Grievance Committee.

On April 28, 2006, the Grievance Committee issued an order directing respondent to show cause why the Southern District should not impose discipline for her neglect of a legal matter in violation of Code of Professional Responsibility DR 1-102 (a) (1), (4) and (5), DR 6-101 (a) (3) and DR 7-102 (a) (3) (22 NYCRR 1200.3, 1200.30, 1200.33), and for her knowing failure to comply with court orders in violation of DR 1-102 (a) (1), (4), (5) and (7).

On July 20, 2006, Judge McMahon issued a warrant for respondent's arrest (and she was taken into custody), based on a finding that respondent was in civil contempt for failing to

comply with court orders relating to the *Henderson* case and for failing to appear as directed at the underlying civil contempt proceedings. On July 21, 2006, Judge Rakoff, Chairman of the Grievance Committee, issued an order striking respondent's name from the rolls, effective immediately, based upon consideration of Judge McMahon's findings of misconduct and that respondent had failed to answer the charges as directed, notwithstanding being granted three extensions. The Court reserved the right to reconsider the matter upon receipt of any subsequent submission by respondent.

Thereafter, respondent learned that prior to her disbarment, the Court never received her affidavit dated June 15, 2006, which she claimed to have submitted in response to the order to show cause. Accordingly, the affidavit was resubmitted, and the Court vacated its disbarment order. Instead, the Court imposed an interim suspension, effective July 28, 2006, pending review of respondent's submission in September of 2006.

By order entered October 5, 2006, the Grievance Committee found that while it had performed a review of respondent's submission, the process was not complete because there were new allegations raised regarding respondent's conduct. Specifically, Judge Lynch opined that respondent may have held herself out as continuing to represent the plaintiff in *Tucker v City of New York,* while under suspension. He referred the question of her possible violation of her suspension to the Grievance Committee for further investigation. Judge Rakoff noted that there were also allegations that, prior to her suspension, respondent engaged in a pattern of neglect in *Tucker* similar to that found in *Henderson* and, that there were six open cases in the Southern District where respondent had not advised her adversary nor her clients of her suspension.

The District Court directed that by October 27, 2006, respondent submit an affidavit to the Grievance Committee describing her efforts in the *Tucker* case prior to July 21, 2006, and her actions in notifying clients and adversaries of her suspension from practice.

As of November 16, 2006, the Grievance Committee had not received a response from respondent. Accordingly, by order entered November 17, 2006, the Southern District determined that disbarment was appropriate under the circumstances and directed the Clerk of the Court to strike respondent's name from the roll of attorneys, effective immediately.

The Disciplinary Committee (the Committee) has now brought a petition for reciprocal discipline. The Committee has

provided clear evidence that respondent committed the misconduct for which she was disbarred in the Southern District of New York. Moreover, respondent is precluded from raising any defenses to reciprocal discipline enumerated in 22 NYCRR 603.3 (c) which are: (1) a deprivation of due process due to a lack of notice or opportunity to be heard; (2) an infirmity of proof establishing the misconduct in the foreign jurisdiction; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction. The record is plain that respondent was provided with sufficient notice and an opportunity to be heard in the federal disciplinary matter. The Southern District's findings of misconduct are fully supported by the record. Despite the fact that respondent was given three extensions to answer the charges, she appeared to have defaulted in the federal disciplinary proceeding resulting in her disbarment. Once she discovered that the Court had never received her submission, the Court accepted her affidavit, vacated her disbarment, and imposed an interim suspension.

However, once new allegations of misconduct, including the charge of engaging in the practice of law while suspended arose, respondent was ordered to provide the Grievance Committee an affidavit addressing these complaints. While respondent claims she was never provided notice that the Court was reviewing her conduct in the *Tucker* matter, it is presumed she received the various court orders directing her to respond. Moreover, the Southern District, applying New York law, determined that respondent's misconduct violated the New York Code of Professional Responsibility.

The Southern District's determination to disbar respondent was appropriate given that it is the jurisdiction in which the respondent practiced law at the time of the offense, and the one which has the greatest interest in the issue of sanction (*Matter of Anschell*, 11 AD3d 56 [2004]; *Matter of Reiss*, 119 AD2d 1 [1986]). Moreover, based on precedent in this Court involving attorneys who, like respondent, engaged in a pattern of neglect of client matters and failed to comply with court orders, disbarment is warranted (*see Matter of Anschell, supra* [attorney disbarred in Washington based on, inter alia, neglect of four client matters and failure to cooperate with Washington's disciplinary investigation was reciprocally disbarred in New York]; *Matter of Muto*, 291 AD2d 188 [2002] [attorney disbarred for, inter alia, neglect of numerous immigration matters, which

included failing to appear at Immigration Court hearings]). Notably, respondent's opposition papers, raising a due process claim were not timely filed. Such irresponsible behavior in the face of a reciprocal disbarment illustrates further respondent's neglectful attitude.

Accordingly, the Committee's motion should be granted, to the extent that it seeks an order disbarring respondent pursuant to 22 NYCRR 603.3, and respondent disbarred from the practice of law in the State of New York, effective immediately (*Matter of Harris*, 37 AD3d 90 [2006]; *Matter of Dranov*, 14 AD3d 156 [2004]; *Matter of Anschell, supra*).

LIPPMAN, P.J., MAZZARELLI, MARLOW, BUCKLEY and McGUIRE, JJ., concur.

Respondent disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.