[855 NYS2d 451]

In the Matter of HERSY JONES, JR., an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 10, 2008

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jun Hwa Lee* of counsel), for petitioner.

*Hersy Jones, Jr.,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Hersy Jones, Jr. was admitted to the practice of law in the State of New York by the First Judicial Department on November 2, 1987; he has been delinquent in his New York attorney registration since 1997. Respondent resides in Louisiana where he was admitted to practice law in 1995.

On March 30, 2007, the respondent was disbarred from the practice of law by the Supreme Court of Louisiana (952 So 2d 673 [La 2007]). Pursuant to Judiciary Law § 90 (2) and 22 NYCRR 603.3, the Departmental Disciplinary Committee now petitions this Court to disbar respondent from the practice of law in New York or, in the alternative, sanctioning respondent as this Court deems appropriate.

Respondent argues against reciprocal disbarment raising the defenses of due process violations and an infirmity of proof establishing his misconduct.

Respondent's disbarment in Louisiana resulted from multiple offenses, including, inter alia, respondent's knowing and intentional conversion of more than $9,000 of his client's funds, falsely endorsing his client's name to a check and the direct solicitation of clients at a funeral home following the death of their son.

Specifically, the Louisiana Office of Disciplinary Counsel (ODC) filed two sets of formal charges against respondent. In the first set of charges, the hearing committee concluded that the respondent failed to deposit fees into his trust account while two fee disputes were pending, he failed to communicate the right to arbitrate the fee disputes to each of his clients, he failed to account for and refund the unearned portion of the fees, if any, and he failed to return a file to one of his clients in violation of Louisiana Rules of Professional Conduct, rules 1.4, 1.5 and 1.16. After considering factors in aggravation and mitigation the committee recommended respondent be suspended for two years, fully deferred, and placed on probation for two years, during which he was to submit the fee disputes to arbitration and complete certain CLE courses. Notably, respondent did *not* file an objection to the hearing committee's recommendation.

The second set of charges included what the Supreme Court found to be respondent's "most egregious actions." A second

hearing was conducted at which respondent appeared pro se and testified. One of the charges involved a dispute between respondent and his client over whether respondent was entitled to a contingency fee. Notwithstanding the existence of a fee dispute, respondent endorsed his client's signature and deposited a $9,000 check made payable to both respondent and his client into his operating account instead of his trust account. The hearing committee determined, among other things, that respondent improperly attempted to assert a contingency fee over the action, that respondent acted improperly when he failed to deposit the $9,000 check into his trust account, and that respondent converted the funds because he was not entitled to the full amount.

Another charge involved the respondent's transgression in approaching grieving parents at a funeral home while they were making burial arrangements for their son. Subsequently the parents met with respondent and signed a general power of attorney which allowed respondent to investigate the killing of their son. When respondent learned that the victim was survived by a daughter, he contacted the daughter's mother. The hearing committee determined respondent's direct solicitation of the victim's family to be highly improper.

The ODC had filed a prehearing memorandum recommending disbarment. After considering evidence in aggravation and mitigation, the committee recommended that respondent be suspended for two years and attend the state bar's ethics school. Respondent did *not* file an objection to the committee's recommendation.

Following the submission of both reports submitted by two committees, the proceedings were consolidated for oral argument before the Disciplinary Review Board (DRB). Once again the ODC filed a brief suggesting the appropriate sanction was disbarment. The DRB issued a report adopting the committees' findings, determining that their factual findings were not "manifestly erroneous" (the standard of review). The DRB found that disbarment was warranted for respondent's collective misconduct.

Respondent failed to file a timely objection to the DRB's recommendation and the matter was submitted to the Supreme Court of Louisiana. After respondent finally retained counsel, he filed an "out-of-time" objection with the Supreme Court. Al-

though the court denied that motion, it permitted him and the ODC to file briefs without oral argument.[1]

In a decision and order dated March 30, 2007, the Supreme Court stated that in order to determine whether the alleged misconduct had been proven by clear and convincing evidence, it conducted an independent review of the record and considered the briefs submitted. The court found that there was no "manifest error" (952 So 2d at 680) in the factual findings made by the hearing committees. The court concluded that there was "no basis to deviate from the baseline sanction of disbarment" (*id.* at 681) and directed respondent to furnish accountings and full restitution of all unearned legal fees to each of the clients involved in the underlying fee disputes.[2]

Thereafter, respondent moved for a rehearing on the ground that there was an appearance of impropriety due to the fact that a member of both hearing committees worked for a law firm that was involved in litigation concerning the foreclosure of respondent's home. That motion was denied by order dated May 11, 2007 (*Matter of Jones*, 955 So 2d 1270 [La 2007]).

In light of the foregoing, the Departmental Disciplinary Committee launched a proceeding premised upon reciprocal discipline to similarly have the respondent barred from the practice of law in New York.

Respondent raises two defenses under 22 NYCRR 603.3 (c). First, he asserts that he was denied due process of law. The Committee asserts that respondent is precluded from raising a defense pursuant to 22 NYCRR 603.3 (c) (1) since he was given ample notice and opportunity to be heard in the Louisiana proceeding.

Respondent, pro se, argues in opposition that he was denied due process because he was not told the true nature of the proceedings, namely, that it was a disbarment proceeding. He contends that neither hearing committee recommended disbarment. He further argues that because the Supreme Court rules are vague he was never on notice that his decision to place the $9,000 check made payable to himself and his client into his operating account while there was a fee dispute would result in

---

1. The court also allowed respondent to file two supplemental exhibits which included documentation that he had deposited $9,000 into his trust account representing the disputed fee in one of the matters; and that he had submitted the other fee disputes to a fee arbitration program.

2. A lawyer who is disbarred in Louisiana must wait five years before applying for readmission.

disbarment. Additionally, he argues that the Supreme Court never informed him that he had to file objections to the DRB report within 20 days; that he was denied the opportunity for a "hearing" before the Supreme Court once he filed objections; and his objections were never considered by the court. We disagree.

The record clearly demonstrates that respondent actively participated and defended himself in the Louisiana proceeding including answering the charges (one of which included a charge of conversion), testifying at the hearings, examining and cross-examining witnesses, and filing submissions to contest the allegations of professional misconduct. Additionally, respondent was advised to familiarize himself with the Louisiana Rules of the Supreme Court, specifically rule 19 which applies to disciplinary proceedings and which lists disbarment as a possible sanction. Moreover, while the hearing committees may not have recommended disbarment as the appropriate sanction respondent was first put on notice of that possibility during the second disciplinary proceeding when the ODC filed a prehearing memorandum with the hearing committee suggesting disbarment. Furthermore, like this Court, the Louisiana Supreme Court has original jurisdiction and while it can consider the sanction recommendations of the committees and DRB, it is the final decision maker as to sanction.

Equally without merit is respondent's claim that he was not informed of the right to file objections and request a hearing before the Supreme Court within 20 days. First, it should be noted that respondent failed to file objections following both hearing committee reports, and then he failed to file a timely objection to the DRB's report which recommended disbarment. Second, contrary to respondent's assertion, the Supreme Court promptly notified him that the findings and recommendations of the DRB had been filed with the court. At that point, it was up to respondent to look to rule 19, § 11 (G) (1) for guidance as to the timing to file objections; apparently he did not. In any event, after respondent retained counsel he filed an "out-of-time objection" to the DRB report. Although the court denied that motion it allowed respondent and the ODC to file briefs without oral argument. Respondent's attorney submitted a brief (and supplemental exhibits) which challenged the findings and recommendations made in the proceedings. Contrary to respondent's claim that the court did not consider his objections, the Supreme Court of Louisiana specifically referred to

the fact that it considered the briefs and cited to the exhibits respondent was permitted to submit to supplement the record. Thus, the respondent was properly heard.

Nor is there merit to respondent's claim that the Rules of Professional Conduct under which respondent was charged are vague and thereby violated his due process rights. Respondent attacks rule 1.15 which outlines the duties and responsibilities of an attorney in safekeeping client or third party funds in his possession. He claims that the hearing committee found only that he failed to deposit disputed funds into his trust account, not that he "converted" the $9,000 check, and that even the ODC did not prosecute the case as a conversion case since disciplinary counsel argued that respondent may have had a reasonable basis to keep the money.

While it is true that the hearing committee did not use the word "conversion" in its report when describing respondent's misconduct, it did sustain that charge which specifically alleged that "respondent did not deposit the $9,000 check into his trust account, but instead endorsed the client's name to the check without authority or permission and converted the funds to his own use in violation of Rule 1.15." Moreover, the DRB referred to rule 1.15 and described respondent's taking of the money as "conversion" as did the Supreme Court.

Respondent's final contention is that he was denied a fair hearing because of a conflict of interest involving a committee member who sat on both hearing committees. Respondent states that around the time of the second hearing, for which the member served as the committee chairman, one of his law firm partners was instituting foreclosure proceedings against respondent. Respondent claims he did not raise this issue because the Louisiana rules do not explicitly provide for the right to remove a member as the burden is placed on the committee member to voluntarily "refrain" from serving. Also, he did not want to further antagonize the committee.

While there may have been an appearance of impropriety it was respondent's responsibility to raise such an objection. Moreover, when respondent finally did raise the issue in his motion and memorandum for a rehearing following the Supreme Court's order of disbarment, it was rejected. In any event, the committee member recommended suspension not disbarment.

The second defense raised by the respondent is that the proof submitted was insufficient to support the findings of misconduct. We find that respondent has no defense under 22 NYCRR 603.3

(c) (2) inasmuch as respondent's current challenge to the factual findings has taken the form of an attempt to relitigate the issues already addressed and fully litigated in Louisiana.

With regard to the determination of an appropriate sanction, we note that the state where respondent practiced law at the time of the offense has the greatest interest in the issue of sanction (*see Matter of Hatton*, 44 AD3d 49 [1st Dept 2007]; *Matter of Hovell*, 39 AD3d 107 [1st Dept 2007]; *Matter of Reiss*, 119 AD2d 1 [1st Dept 1986]), and deference is even more appropriate where the misconduct occurred in that state (*Matter of Anschell*, 11 AD3d 56 [1st Dept 2004]). In any event, the sanction imposed by Louisiana is consistent with this Court's precedent of disbarring attorneys who convert client funds absent any unusual mitigating circumstances (*see Matter of Bernstein*, 41 AD3d 49 [1st Dept 2007]; *Matter of Pape*, 31 AD3d 156 [1st Dept 2006]).

Accordingly, Committee's petition should be granted to the extent of disbarring respondent from the practice of law in the State of New York pursuant to 22 NYCRR 603.3, effective immediately (*see Matter of Harris*, 37 AD3d 90 [1st Dept 2006]; *Matter of Anschell, supra*; *compare Matter of Gardner*, 246 AD2d 215 [2d Dept 1998] [disbarment imposed where attorney commingled and converted clients' funds in Louisiana]).

MAZZARELLI, J.P., WILLIAMS, BUCKLEY, CATTERSON and KAVANAGH, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.