[928 NYS2d 680]

In the Matter of KENNETH P. SIRKIN, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 4, 2011

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Kenneth P. Sirkin was admitted to the practice of law in the State of New York by the First Judicial Department on November 20, 2000. In 1999 respondent was admitted to practice law in New Jersey and in 2002 he was admitted to practice law in Florida. At all times relevant to the misconduct which underlies this proceeding, respondent maintained an office for the practice of law in Florida. Respondent has not registered with the New York State Office of Court Administration since 2001.

On August 24, 2010, upon application by the Departmental Disciplinary Committee (Committee), pursuant to 22 NYCRR 603.3, we suspended respondent from the practice of law for a period of three months (*Matter of Sirkin*, 77 AD3d 320 [2010]). In granting the Committee's application, we held that under the doctrine of reciprocal discipline, respondent's suspension was warranted insofar as he was found guilty of professional misconduct in Florida and New Jersey and failed to establish entitlement to any of the enumerated defenses (*id.*). Not having moved to be reinstated, respondent remains suspended.

On April 16, 2010, the Florida Bar filed an unrelated 28-count complaint against respondent predicated on respondent's suspension in New Jersey, 14 complaints made by respondent's clients, and respondent's failure to comply with the Florida Bar's investigation into the aforementioned complaints. The complaint alleged over 75 violations of the Rules Regulating the Florida Bar (RRFB). Count four of the complaint alleged that in June 2007, an attorney filed a complaint with the Florida Bar against respondent, the Florida Bar sent respondent two official inquiries pursuant thereto, asking for a written response to the complaint, and respondent failed to respond. Based on the foregoing, it was alleged that respondent violated RRFB rule 4-8.4 (g), prohibiting a lawyer from failing to "respond, in writing, to any official [inquiry by] bar counsel or [a] disciplinary agency . . . when bar counsel or the agency is conducting an investigation into the lawyer's conduct." Count five of the complaint alleged that in November 2006 respondent represented a client in a personal injury matter pursuant to a contingent fee agreement and that despite numerous attempts by the client to communicate with respondent, he failed to properly communicate

with the client and failed to diligently handle the client's claim for uninsured motorist benefits, taking little or no significant action in furtherance thereof. Respondent also failed to provide the client with a written statement stating the outcome of the matter for which he was retained, and failed to explain and distribute the balance in respondent's trust account.

Based on the foregoing counts, it was alleged that respondent violated RRFB rule 4-1.3 requiring that "[a] lawyer act with reasonable diligence and promptness in representing a client." Respondent violated RRFB rule 4-1.4 (a) requiring that "[a] lawyer . . . reasonably consult with the client about the means by which the client's objectives are to be accomplished . . . [and] promptly comply with reasonable requests for information."

A certificate of service attached to the complaint evinces that both respondent and his counsel were both duly served with copies of the complaint on April 16, 2010. On July 16, 2010, a Referee issued an 82-page report resolving the complaint against respondent. The Referee noted that in an effort to confirm that respondent had received the complaint, he spoke to respondent and verified receipt. Nevertheless, respondent failed to answer the complaint and failed to appear at a hearing on June 17, 2010. A default judgment was entered against respondent and a final hearing was held on July 8, 2010. The Referee, upon respondent's default, held that respondent had forfeited his right to challenge the factual allegations in the complaint and deemed all allegations admitted. Accordingly, the Referee found that respondent had violated each and every rule of the RRBF alleged in the complaint. The Referee recommended that respondent be disbarred for 10 years and his recommendation was approved and so-ordered by the Supreme Court of Florida on October 5, 2010 (*Florida Bar v Sirkin*, 46 So 3d 1003 [2010] [table; text at 2010 WL 3910582, 2010 Fla LEXIS 1695 (Sup Ct 2010)]).

The Committee petitions this Court for an order pursuant to the doctrine of reciprocal discipline (22 NYCRR 603.3), on grounds that respondent was disciplined and disbarred in Florida for professional misconduct perpetrated there. With regard to sanction, the Committee likewise seeks respondent's disbarment from the practice of law in this state. We hereby grant the Committee's application in its entirety.

Pursuant to 22 NYCRR 603.3 (a), an attorney "who has been disciplined in a foreign jurisdiction, may be disciplined by this

court because of the conduct which gave rise to the discipline in the foreign jurisdiction." Defenses to this kind of disciplinary proceeding are limited to those enumerated in 22 NYCRR 603.3 (c) (22 NYCRR 603.3 [b]; *Matter of Stahl*, 72 AD3d 218, 226 [2010]; *Matter of Jarblum*, 51 AD3d 68, 70-71 [2008]; *Matter of Chang*, 57 AD3d 151, 154 [2008]; *Matter of Schlem*, 308 AD2d 220, 222 [2003]; *Matter of Bosies*, 217 AD2d 358, 360-361 [1995]), namely: (1) lack of notice and an opportunity to be heard in the foreign disciplinary proceeding; (2) an infirmity with the proof of misconduct presented in the foreign proceeding; and (3) that the foreign misconduct upon which discipline is premised does not constitute misconduct in this jurisdiction.

Here, the record evinces that none of the enumerated defenses are applicable, thereby warranting resolution of the instant petition in the Committee's favor. The record demonstrates that respondent was served with a copy of the complaint filed by the Florida Bar. Despite this notice respondent failed to interpose an answer and did not appear at the hearings before the Referee. Thus, since he was given an opportunity to be heard, the proceeding in Florida did not deprive respondent of due process and he has no defense pursuant to 22 NYCRR 603.3 (c) (1). Since respondent defaulted by failing to appear, as is the case in proceedings here in this state, he thereby admitted all the allegations in the Florida Bar's complaint (*Matter of McClain-Sewer*, 77 AD3d 204, 205 [2010]; *Matter of Sheehan*, 48 AD3d 163, 167 [2007]; *Matter of Goldsmith*, 43 AD3d 158, 161 [2007]), thereby providing ample factual basis for the Referee's conclusion that respondent violated the RRFB as alleged. Accordingly, there was no infirmity in the proof in the Florida proceeding and thus respondent has no viable defense pursuant to 22 NYCRR 603.3 (c) (2).

Lastly, the misconduct for which respondent was disciplined and disbarred in Florida constitutes misconduct in this state. Specifically, the language in RRFB rules 4-1.3 and 4-1.4 (a) evinces that these rules of the RRFB essentially proscribe the neglect by a lawyer of client matters. Accordingly, respondent's violation of these rules of the RRFB constitutes a violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]), which proscribed the "[n]eglect [of] a legal matter entrusted to [a] lawyer," and DR 7-101 (22 NYCRR 1200.32) which required a lawyer to refrain from intentionally failing "to seek the lawful objectives of the client." RRFB rule 4-8.4 (g), requiring that a lawyer respond to any inquiries made

by the Florida Bar in the course of its investigation, is analogous to 22 NYCRR 603.4 (e) (1) (i), which in this state finds an attorney guilty of misconduct upon failing to "comply with any lawful demand of this court or the . . . Committee made in connection with any investigation, hearing, or disciplinary proceeding." Accordingly, in violating RRFB rule 4-8.4 (g), respondent also violated 22 NYCRR 603.4 (e) (1) (i).

Since violations of the aforementioned rules of the RRFB constitute misconduct in this state, respondent has no viable defense pursuant to 22 NYCRR 603.3 (c) (3).

In reciprocal proceedings, we generally accord significant weight to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct perpetrated therein (*Stahl* at 227; *Jarblum* at 71; *Chang* at 156; *Schlem* at 222; *Bosies* at 362). Therefore, when the sanction prescribed by the foreign jurisdiction is not inconsistent with the sanction for similar misconduct in this jurisdiction, this Court will impose the very same sanction (*Jarblum* at 71-72; *Matter of Dranov*, 14 AD3d 156, 163-164 [2004]). Deviation from the sanction imposed by the foreign jurisdiction is thus rare and warranted only where the sanction imposed by the foreign jurisdiction is at great variance with the sanction generally imposed by this jurisdiction for the same misconduct (*Matter of Lowell*, 14 AD3d 41, 48-49 [2004], *appeal dismissed* 4 NY3d 846 [2005], *lv denied* 5 NY3d 708 [2005]).

We see no reason to depart from the sanction imposed by Florida. Disbarment, under the circumstances presented here, is the appropriate sanction since it is in accord with that prescribed by us in the past, where as here, an attorney has engaged in a pattern of neglecting client matters and has failed to cooperate with an investigation by the Committee thus violating DR 6-101 (a) (3) and 22 NYCRR 603.4 (e) (1) (i) (*Matter of Hovell*, 39 AD3d 107, 109-110 [2007]; *Matter of Hatton*, 44 AD3d 49, 52 [2007]; *Matter of Anschell*, 11 AD3d 56, 58-61 [2004]).

Accordingly, the petition for an order pursuant to the doctrine of reciprocal discipline should be granted and respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law, effective immediately.

MAZZARELLI, J.P., SWEENY, RENWICK, FREEDMAN and ROMÁN, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.