Matter of Nguyen (2025 NY Slip Op 03652)

Matter of Nguyen

2025 NY Slip Op 03652

Decided on June 17, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 17, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Dianne T. Renwick
Presiding Justice

Motion No. 2025-02276|Case No. 2025-02393|

[*1]In the Matter of Vy Thuan Nguyen an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Vy Thuan Nguyen (OCA Atty Reg. 6111504), Respondent.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York (Diana Neyman, of counsel), for petitioner
Respondent, pro se.

Per Curiam 

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Vy Thuan Nguyen, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on January 11, 2024.
Motion No. 2025-02276 — April 18, 2025
Respondent Vy Thuan Nguyen was admitted to the practice of law in the State of New York by the Appellate Division, Third Judicial Department on January 11, 2024. This Court maintains jurisdiction over respondent by virtue of respondent's registered business address in the First Judicial Department (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7[a][2]). Respondent was also admitted to the State Bar of Texas on November 2, 2007 and at all relevant times maintained a law practice there.
On August 31, 2023, the Commission for Lawyer Discipline of the State Bar of Texas (CFLD) filed a petition against respondent stemming from five separate complaints that were filed against her. Each of the complaints alleged respondent violated one or more provisions of the Texas Disciplinary Rules of Professional Conduct (TDRPC) through her conduct in each underlying matter and/or her failure to timely respond to the relevant disciplinary inquiry.
Four of the five complaints alleged that in separate client matters spanning from 2020 to 2022, respondent consistently failed to communicate with the clients about their cases, despite the clients paying respondent retainers ranging from $1,500 to $5,000 and despite the clients continually trying to get in touch with respondent over the course of months or years to no avail. In a divorce matter, it was alleged that respondent failed to explain a mediated settlement agreement to her client to the extent necessary to allow him to make informed decisions about the matter, and in a child custody modification matter, it was alleged that respondent not only failed to adequately explain the matter to her client, but also missed several deadlines and neglected the matter throughout her representation.
In an immigration matter, respondent was paid $1,750 by a client to obtain proof of his citizenship so that he may renew his commercial driver's license. It was alleged that over a three-year period, respondent consistently failed to respond to the client's emails and information requesting information and status updates. Further, she purportedly neglected to file any documents or make any headway on the client's case. The client subsequently hired another attorney, who completed the work within around six weeks, years after the client first hired respondent. Moreover, it was alleged that respondent never provided the client a client file, never returned any of the immigration documents [*2]that the client had collected and given to her, and never provided the client a refund of any kind.
The fifth complaint alleged that respondent agreed, on the record, to remit $3,500 from her IOLTA account to opposing counsel in a divorce matter by 5 p.m. on the day that the agreement was made. Months later, the court signed an order awarding $3,500 to opposing counsel's firm for reasonable attorney's fees, expenses, and costs, but respondent purportedly failed to comply with the court order and to appear at hearings regarding the judgment.
The CFLD further alleged that, as it relates to three of the complaints against respondent, respondent received notices from the State Bar of Texas of pending grievances against her, which required that she file written responses to the allegations of professional misconduct. However, she failed to timely file responses and did not assert any privileges or other legal grounds for her failures.
On May 8, 2024, an evidentiary hearing was held by the Evidentiary Panel of the State Bar of Texas Grievance Committee to hear the five complaints against respondent. Respondent appeared pro se for the hearing and gave testimony. In a judgment dated May 10, 2024, the Evidentiary Panel concluded that respondent violated TDRPC rules 1.01(b)(1) (neglect of a legal matter entrusted to the lawyer) (one count) and (b)(2) (frequent failure to carry out completely the obligations that the lawyer owes to a client) (one count), 1.03(a) (failure to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information) (three counts), and 8.04(a)(8) (failure to timely furnish to the Chief Disciplinary Counsel's office or a district grievance committee a response or other information as required by the TDRPC, unless the lawyer in good faith timely asserts a privilege or other legal ground for failure to do so) (three counts).
The Evidentiary Panel determined that the appropriate discipline for each of respondent's acts of professional misconduct was disbarment. In determining the sanction, the panel found the following aggravating factors: respondent's prior disciplinary record, including two prior private reprimands; her dishonest or selfish motive; her pattern of misconduct; her multiple violations; her submission of false evidence, false statements, or other deceptive practices during the disciplinary process; her refusal to acknowledge the wrongful nature of her conduct; the vulnerability of her victims; and her substantial experience in the practice of law. The panel found no mitigating factors. The panel thus ordered that respondent be disbarred from the practice of law in Texas.
In a judgment dated February 5, 2025, following respondent's appeal of the Evidentiary Panel's judgment of disbarment, the Texas Board of Disciplinary Appeals (BODA) affirmed the panel's judgment in all respects. Respondent has appealed BODA's judgment, and that appeal is pending.
The AGC now seeks [*3]an order from this Court, pursuant to the doctrine of reciprocal discipline as set forth in 22 NYCRR 1240.13, disbarring respondent from the practice of law in New York, predicated on the judgment of disbarment ordered by the Evidentiary Panel of the State Bar of Texas Grievance Committee, or, alternatively, sanctioning respondent as this Court deems just and proper under the circumstances.
"In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) a lack of notice and opportunity to be heard in the foreign jurisdiction; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York" (Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).
Although respondent has not appeared in the instant reciprocal disciplinary matter and has not asserted any of the enumerated defenses, it is clear that none of the defenses are available to her. First, respondent was given proper notice and had an opportunity to answer the allegations in the Texas disciplinary proceedings, as evidenced by respondent appearing before the Evidentiary Panel and defending herself at the disciplinary hearing. Second, a review of the record establishes that there was no infirmity of proof. As the panel noted in its description of the disciplinary proceedings, it heard testimony from both non-party witnesses and respondent herself. As the sole judges of the credibility of the witnesses and the weight of the evidence, the panel found "certain aspects of [r]espondent's testimony to lack credibility and candor"; conversely, the panel found "each of the non-party witnesses to be generally credible." These factual determinations formed a basis for the panel's findings of facts and conclusions of law in its judgment of disbarment. Third, the misconduct for which respondent was disciplined in Texas would constitute violations of identical or similar disciplinary provisions in New York, specifically Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.3(b) and (c), 1.4(a)(3) and (a)(4), and 8.4(d). Accordingly, because no defense can prevail, the imposition of reciprocal discipline is appropriate and the only issue that remains is what sanction to impose.
With respect to the sanction, in reciprocal disciplinary proceedings, this Court's general rule is that "significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct" (Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018], citing Matter of Jaffe, 78 AD3d 152 [1st Dept 2010]). "Only in rare instances will this Court depart from its general rule" (Matter of Tustaniwsky, 204 AD3d 162, 165 [1st Dept 2022]).
Thus, disbarment, as requested by the AGC, is the appropriate sanction, as it is commensurate with the discipline imposed in Texas [*4]and generally accords with this Court's precedent in cases involving comparable misconduct (see Matter of Sirkin, 88 AD3d 165 [1st Dept 2011]; Matter of Hatton, 44 AD3d 49 [1st Dept 2007]; Matter of Hovell, 39 AD3d 107 [1st Dept 2007]; Matter of Anschell, 11 AD3d 56 [1st Dept 2004]).
Accordingly, the AGC's motion for reciprocal discipline should be granted, respondent disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately, and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, is granted, and respondent, Vy Thuan Nguyen, is disbarred and her name stricken from the roll of attorneys in the State of New York, effective immediately, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Vy Thuan Nguyen, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Vy Thuan Nguyen, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Vy Thuan Nguyen, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: June 17, 2025