Matter of Hernandez (2025 NY Slip Op 07100)

Matter of Hernandez

2025 NY Slip Op 07100

Decided on December 18, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Peter H. Moulton
Justice Presiding
Saliann Scarpulla Ellen Gesmer Manuel Mendez Margaret A. Chan
Justices.
 Motion No. 2025-04995 Case No.2025-05578
 In the Matter of Alejandro R. Hernandez
an attorney
counselor-at-law: Attorney Grievance Committee for the First Judicial Department
Petitioner
Alejandro R. Hernandez (OCA Atty. Reg. No. 5692991)
Respondent.

Motion No. 2025-04995|Case No. 2025-05578|

[*1]In the Matter of Alejandro R. Hernandez Jr., an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Alejandro R. Hernandez Jr. (OCA Atty. Reg. No. 5692991), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Alejandro R. Hernandez Jr., was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on October 6, 2021.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Diana Neyman, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent Alejandro R. Hernandez Jr. was admitted to the practice of law in the State of New York by the Third Judicial Department on October 6, 2021, and to the State Bar of Texas in 1995. At all times relevant to this proceeding, respondent maintained a registered address in the First Judicial Department. By an order dated June 12, 2024, the State Bar of Texas suspended respondent from the practice of law for five years and then by two orders issued on July 12, 2024, the State Bar of Texas disbarred him.
Between April and July 2024, the Texas Commission for Lawyer Discipline brought proceedings against respondent based on nine client complaints. The matters were referred to an Evidentiary Panel of the Grievance Committee of the State Bar of Texas for hearings. Respondent was served, appeared, defended himself against the charges and testified at the hearings while being represented by counsel.
The first hearing took place between April and May 2024 and was based on complaints filed by three clients that retained respondent's law office. Respondent was the sole owner and member of his law firm, which operated under the name The Law Offices of Alex R. Hernandez, Jr. PLLC. Respondent and attorney Gary Magnuson associated with outside attorneys as a purported "virtual law office" within respondent's firm. The associated attorneys were paid by The Law Offices of Gary A. Magnuson, PLLC. Respondent had direct supervisory authority over the attorneys working with his firm. The retainer agreements with the clients stated that the clients were hiring respondent's firm and did not list the names of any other attorneys or law firms, nor did the agreements outline any division of legal fees. Nevertheless, respondent associated with lawyers not in his firm and arranged to divide legal fees with them. Furthermore, the division of legal fees was not in proportion to the professional services rendered by each attorney, nor did these attorneys assume joint responsibility for the representation of these clients. The clients did not consent in writing to the terms of the fee division prior to the associations or referrals.
During the course of the clients' representation, respondent failed to keep the clients reasonably informed of the status of their matters despite their reasonable requests for information. The clients' matters were neglected, and upon termination of the representation, respondent failed to take steps to the extent reasonably practicable to protect the clients' interests, including surrendering papers and property to which the clients were entitled and refunding any unearned fees. Additionally, respondent settled a client's liability claim against respondent when the client was not independently represented, and respondent did not first advise the client in writing that independent representation was appropriate in connection therewith. Furthermore, as the partner or supervising lawyer, respondent ordered, encouraged, or knowingly permitted disciplinary violations by other lawyers in connection with the representations.
The Evidentiary Panel found that respondent's conduct as described above violated Texas Disciplinary Rules of Professional Conduct 1.01(b) (1) (neglect of a legal matter entrusted to the lawyer); 1.03(a) (failure to keep a client reasonably informed about the status of a matter and failure to promptly comply with reasonable requests for information); 1.04(f)(1)(i), (ii), 1.o4(f)(2)(i)-(iii), 1.o4(g)(1), and 1.04(g)(2) (improper division of legal fees); 1.08(g) (improperly settling legal malpractice claim with a client); 1.15(d) - now rule 1.16(d) (upon termination of representation failure to take steps to extent reasonably practicable to protect client's interests); and 5.01(a) (failure to properly supervise subordinate lawyers).
As to sanction, the Evidentiary Panel ordered that respondent be actively suspended from the practice of law for a period of five years, beginning September 1, 2024, and ending August 31, 2029. Respondent initially appealed the suspension to the Texas Board of Disciplinary Appeals (BDA), but he later moved to dismiss the appeal, and by November 13, 2024 order, the BDA granted his motion.
Between May and July 2024, additional hearings were held in connection with six additional complaints by clients which concerned, inter alia, the same complaints as the previous three. The Evidentiary Panel additionally found that respondent failed to properly communicate with his clients; neglected clients' matters; failed to promptly deliver funds or other property to a client which they were entitled to receive; upon termination of the representation, failed to take steps to the extent reasonably practicable to protect the interests of the six clients; and as a partner or supervising lawyer he ordered, encouraged, or knowingly permitted other lawyers to commit disciplinary violations in connection with the representation of the six clients.
In its two July 12, 2024 decisions, the Evidentiary Panel found that by engaging in the aforementioned conduct respondent violated Texas rules 1.01(b)(1); 1.o3(a); 1.03(b) (failure to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation); 1.o4(f)(1)(i),(ii); 1.o4(f)(2)(i)-(iii); 1.14(b) — now rule 1.15(b) (failure to promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive); 1.15(d) — now rule 1.16(d); and 5.o1(a). As to sanction, the Evidentiary Panel disbarred respondent, effective nunc pro tunc to July 10, 2024.
By November 22, 2024, order, the U.S. Department of Justice's Board of Immigration Appeals (BIA) imposed reciprocal discipline based on respondent's disbarment in Texas and disbarred him from practice before the BIA, Immigration Courts, and the Department of Homeland Security, effective nunc pro tunc to October 10, 2024. By January 9, 2025 order, the Supreme Court of the State of New Mexico imposed reciprocal discipline based on respondent's Texas disbarment and disbarred him from the practice of law in that state.
Respondent did not report his suspension and disbarment in Texas, nor the reciprocal disbarments imposed by the BIA and the New Mexico Supreme Court, to this Court or the Attorney Grievance Committee (AGC) as required by 22 (NYCRR) §1240.13(d). By November 18, 2024 letter, the Texas State Bar informed OCA of respondent's suspension and disbarment; OCA forwarded the letter to the AGC on or about December 4, 2024. The AGC now moves for an order pursuant to 22 NYCRR 1240.13(b) and the doctrine of reciprocal discipline, to disbar respondent for the underlying misconduct. In a proceeding seeking reciprocal discipline, as here, pursuant to 22 NYCRR 1240.13(b), respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).
None of the aforementioned enumerated defenses are available to respondent. Respondent received notice of the allegations against him and, represented by counsel, he appeared, defended himself against the charges, and testified at the Texas evidentiary hearings; the Texas Evidentiary Panel's misconduct findings against him are sufficiently supported by the record; and respondent's misconduct in Texas would constitute misconduct in New York in violation of Rules of Professional Conduct (22 NYCRR 1200.0 rules 1.3(b), 1.3(c), 1.4(a)(3), 1.4(a)(4), 1.4(b), 1.5(g)(1), 1.5(g)(2), 1.15(c)(1), 1.15(c)(3), 1.15(c)(4), 1.16(e), 5.1(b), and 5.1(d).
Respondent asserts as mitigation that he has practiced law for over 20 years with no discipline, that he acted promptly once he was aware of Magnuson's misconduct, and Magnuson absconded with law firm money and disappeared. In response, the AGC maintains that the Texas disciplinary proceedings do not support the position that Magnuson was solely responsible for the misconduct at issue because, inter alia, three complainants testified at the evidentiary hearing that they hired respondent's law firm to represent them; the record included their signed retainer agreements with respondent's firm; they were under the impression that respondent was managing the firm and handling their cases, and they did not know who Magnuson was. Additionally, the AGC cites the fact that respondent testified, inter alia, that he entered into a virtual law practice with Magnuson and approved the use of the retainer agreements which reflected that the complainants entered into an attorney-client relationship with his firm. Moreover, the AGC maintains that an aggravating factor that weighs in favor of disbarment is respondent's failure to self-report the Texas disbarments and prior suspension, as well as his failure to report his disbarments from the BIA and New Mexico to the AGC and/or to this Court.
As a general rule, this Court defers to the sanction imposed by the jurisdiction in which the charges were originally brought because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct (see Matter of Milara, 194 AD3d at 111; Matter of Tabacco, 171 AD3d 163 [1st Dept 2019]; Matter of Blumenthal, 165 AD3d 85 [1st Dept 2018]). Disbarment, as requested by the AGC, is the appropriate sanction herein as it is commensurate with the discipline imposed in Texas and is in general accord with precedent involving arguably comparable misconduct (see Matter of Nguyen, 241 AD3d 95 [1st Dept 2025]; Matter of Tarter, 156 AD3d 157 [1st Dept 2017]; Matter of Sirkin, 88 AD3d 165 [1st Dept 2011]; Matter of Anschell, 11 AD3d 56 [1st Dept 2004]).
Accordingly, AGC's motion should be granted and respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, is granted, and respondent, Alejandro R. Hernandez Jr., is disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Alejandro R. Hernandez Jr., is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent, Alejandro R. Hernandez Jr., shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Alejandro R. Hernandez Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: December 18, 2025